# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

**MERCEDES SANDOVAL and
JONATHAN EMERSON**,
individually, and on behalf of others
similarly situated,

Case 4:24-cv-137

Plaintiffs,

vs.

**FANEUIL, INC.**, a Virginia Corporation,

Defendant

## JOINT MOTION TO STAY DEFENDANT'S RESPONSIVE PLEADING DEADLINE AND APPROVE THE PARTIES' MEDIATION PLAN

Plaintiffs Mercedes Sandoval and Jonathan Emerson, and Defendant Faneuil, Inc. (collectively "the Parties"), through undersigned counsel, file this joint request to stay all deadlines, including Defendant's deadline to file responsive pleadings (currently February 14, 2025), and toll the FLSA statute of limitations for the putative FLSA Collective, pending the Parties mediation of this case.

This is a putative class and collective wage and hour action that was filed on November 16, 2024. ECF No. 1. In their Complaint, Plaintiffs assert unpaid wage claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Virigina Wage Payment Act, Code of Virginia § 40.1-29, and for common law breach of contract, or in the alternative unjust enrichment. *Id*.

On January 7, 2025, Defendant filed an Unopposed Motion for an Extension of Time to File Responsive Pleadings. ECF No. 4. The Court granted Defendant's request for an extension on January 13, 2025. ECF No. 5.

During this time, the Parties discussed submitting this case to mediation. On February 4, 2025, the Parties agreed to submit this case to mediation.

Currently, the Parties are coordinating their schedules for mediation. They will file a status report with the Court within seven (14) days of the Court's order granting this motion to advise the Court of the confirmed mediation date. Within fourteen (14) days after the mediation, the Parties will submit to the Court another status report advising it of the outcome of the mediation and (if unsuccessful) advising the Court that Defendant shall file its responsive pleading twenty-one (21) days after the date of the mediation. Additionally, to avoid any prejudice to the putative FLSA collective's claims during the delay for the mediation, the Parties have agreed to toll all FLSA statutes of limitations between February 7, 2025, to the date of the mediation.

WHEREFORE, the Parties respectfully request that the Court enter an order staying the date for Defendant to file a responsive pleading, staying any other scheduling dates in this case, and tolling the FLSA statute of limitations between February 7, 2025, to the date of mediation. A proposed order is attached hereto as *Exhibit 1*.

*[Signatures of Counsel on the following page.]*

Respectfully submitted, this 14th day February, 2025,

**ASH LAW, PLLC**
*s/ Charles R. Ash, IV*
Charles R. Ash, IV (P73877) (*Admitted*)
43000 W 9 Mile Rd, Ste. 301 PMB 2113
Novi, MI 48375
Phone: (734) 234-5583
Email: cash@nationalwagelaw.com

**RODRIGUEZ LAW PLC**
Oscar Rodriguez (P73413) (*Admitted*)
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 355-5666
Email:oscar@orodlaw.com


/s/ Alexander C. Landin
Alexander C. Landin (Bar No. 99200)
Nicole S. Adler (*pro hac vice forthcoming*)
Benjamin P. Kahn (*pro hac vice forthcoming*)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail:  acl@kullmanlaw.com
E-Mail:  nsa@kullmanlaw.com
E-mail:  bpk@kullmanlaw.com

***Attorneys for Defendant***