**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**


**MERCEDES SANDOVAL and**
**JONATHAN EMERSON**,                          Case 4:24-cv-137-RBS-LRL
individually, and on behalf of others
similarly situated,

      Plaintiffs,

vs.

**FANEUIL, INC.**, a Virginia Corporation,

      Defendant


## <u>MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO WITHDRAW THE KULLMAN FIRM AS COUNSEL OF RECORD FOR DEFENDANT FANEUIL, INC.</u>


The Kullman Firm and Alexander C. Landin (collectively "The Kullman Firm"), who are

counsel of record for Defendant Faneuil, Inc. ("Defendant" or "Faneuil), respectfully file this

memorandum in support of the Unopposed Motion to Withdraw and request the Court to grant the

Motion permitting them to withdraw their representation in this matter pursuant to Virginia Rule

of Professional Conduct 1.16(b) and Local Civil 83.1(H).


### <u>FACTUAL BACKGROUND</u>


**A.**    **Defendant Failed to Provide The Kullman Firm with *Any* Required Data or Information over a Six Month Period.**

The Kullman Firm does not file this motion lightly.  This case was originally filed on

November 16, 2024, and Defendant soon after retained The Kullman Firm to defend it.  In the

Complaint, Plaintiffs alleged that Defendant failed to properly pay certain of its employees for time spent logging in and out of their computer (among other claims) and made those allegations on behalf of a collective action under the Fair Labor Standards Act and a class action under Virginia law. (Rec. Doc. 1).

Shortly after The Kullman Firm made an appearance, in early February 2025, the parties agreed to mediate the case. This was prior to Defendant filing its answer, and Defendant's responsive pleading deadline was stayed pending mediation.

Prior to this decision to agree to mediation, on January 27, 2025, The Kullman Firm requested that Defendant provide it certain data including the putative class size, the members of the putative class, and various time and pay records that The Kullman Firm would need to analyze and produce to Plaintiffs' counsel for mediation. This is typical information for a wage and hour class action and is required for any meaningful settlement discussions and to engage in discovery. To date, more than six months later, Defendant has never provided this vital information to The Kullman Firm or communicated why it could not provide the requested information.

Mediation was scheduled for June 18th. This date was chosen with Defendant's knowledge and input. The Kullman Firm requested the required data from Defendant on January 27, February 27, April 9, April 21, and May 7. At that point, counsel for the parties agreed that the June 18th date was not feasible and agreed to move the mediation to a later date. However, knowing that the information would be needed for the new mediation date, The Kullman Firm continued to request the information on May 20, June 6, June 16, and June 24. On (Tuesday) June 24, based on representations from Defendant, The Kullman Firm expected that it would be provided the data by the end of the week (June 27), and based on those representations, The Kullman Firm agreed to reschedule the mediation for August 22.

The Defendant did not provide the promised data by the end of the week – June 27. The Kullman Firm then followed up on July 11, July 21, and July 29. On August 4, The Kullman Firm informed Defendant that the August 22 mediation would have to be cancelled because Defendant never provided The Kullman Firm (or Plaintiffs) with the data. The Kullman Firm further advised that it would be forced to withdraw if it did not receive the requested data by close of business on August 5, 2025. Defendant did not and has not responded to this communication.

As a result, on August 6, The Kullman Firm emailed Defendant's representatives informing them that The Kullman Firm would be filing this Motion on August 13 (today) and requesting Defendant to provide it with a name of substitute counsel. To date, Defendant has not responded to this email.

**B.      Defendant Has Not Paid The Kullman Firm.**

In addition to the frustrating chain of events outlined above, Defendant has not paid a single invoice submitted to it by The Kullman Firm for its fees in this matter. The Kullman Firm sent monthly invoices to Defendant for work done on this case in 2025 on February 24, April 4, April 22, June 2, June 24, and July 16. Furthermore, The Kullman Firm regularly followed up requesting a timeline for payment, as well as requesting calls to discuss potential payment plans, if necessary. To date, <u>none</u> of these invoices have been paid, though Defendant's representative acknowledged it had outstanding fees and set out a payment schedule. (Notably, Defendant has not made any of the scheduled payments that it proposed.) Defendant has taken no action since to indicate that it will pay the past outstanding fees or any future fees for this action.

<u>**LAW AND ANALYSES**</u>

"The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court. In considering a motion to withdraw, this Court considers the

potential prejudice to the plaintiff and potential disruption to the administration of justice, as well as the Virginia Rules of Professional Conduct." *Matthews v. Receivable Recovery Servs., LLC*, No. 4:24CV77, 2024 WL 6046147, at *1 (E.D. Va. Sept. 16, 2024) (internal quotation and citations omitted."

Virginia Rule of Professional Conduct 1.16(b) Rule 1.16(b) states (in its relevant parts) that:

> [A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client, or if:
>
> . . .
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

Per Rule 1.16(b), courts can grant an attorney's motion to withdraw when their clients have been unresponsive to communications and when the clients have not paid their legal fees for an extended period. *Adkins v. Arvinger,* No. 123CV0061RDALRV, 2023 WL 9658177, at *1 (E.D. Va. Oct. 20, 2023).

Courts can also consider the "disruptive impact" the lawyers' withdrawal would cause for the client. *Fifth Third Bank, Nat'l Ass'n v. Metro Bus. Sys., LLC*, No. 1:21-CV-832, 2022 WL 18912677, at *1 (E.D. Va. Jan. 24, 2022) (citing *Patterson v. Gemini Org.*, Ltd., 238 F.3d 414 (4th Cir. 2000)). When there are no pending deadlines or motions, there is minimal disruptive impact because "[n]ew counsel would therefore have sufficient time" to prepare for and meet any deadlines. *Id.*

Here, Defendant has failed to provide The Kullman Firm with any of the information to represent it despite (at least) thirteen (13) requests to the client. It has failed to cooperate in the

defense of this matter, or to provide relevant evidence to the claims asserted by Plaintiff. Additionally, this representation has become an unreasonable financial burden on The Kullman Firm. The Kullman Firm has provided representation to Defendant for more than half a year in this matter without ever being paid. Even after The Kullman Firm brought this issue up to Defendant, and Defendant promised to start paying, Defendant missed the deadline it imposed on itself. The Kullman Firm has seen no indication that Defendant will pay it for past fees incurred or future fees it will incur.

Perhaps most concerning, The Kullman Firm made commitments to Plaintiffs' counsel based on promises made by Defendant. The Kullman Firm then had to back out of those commitments, because Defendant did not follow through on its representation. This fact contributes to the good cause The Kullman Firm has to withdraw.

Finally, there will be no disruptive impact from The Kullman Firm withdrawing. On July 25, 2025, the Court ordered that "[i]f mediation does not occur on August 22, 2025, or the case is not settled, the court ORDERS that an Answer shall be filed on or before September 30, 2025." (Rec. Doc. 18). As such, Defendant will have forty-eight (48) days between the filing of this motion and the answer deadline to find new counsel and answer the lawsuit. Further, The Kullman Firm has sent the answer and affirmative defenses it drafted (prior to the parties agreeing to mediation) to Defendant, which would allow Defendant to easily meet the September 30 deadline.[1] Otherwise, there are no pending discovery requests and no pending motions. Thus, new counsel will be equally positioned to provide Defendant with a defense. Additionally, as The Kullman

---

[1] The Kullman Firm estimates that if Defendant provided new defense counsel the information needed to complete the answer (which The Kullman Firm never received), the answer could be ready to file in a couple of hours. Additionally, as discussed above, Defendant has not actually paid The Kullman Firm for preparing that draft pleading.

Firm has spent minimal time analyzing the merits and facts of this case (due to the lack of documents and information received from Defendant), Defendant will not be prejudiced by having a different lawyer and/or law firm review and "learn" the case.

## LOCAL CIVIL RULE 83.1(H) CERTIFICATION

The Eastern District has also implemented Local Civil Rule 83.1(H), which states that "[n]o attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared."

The Kullman Firm certifies that it gave Defendant reasonable notice that if Defendant did not start providing The Kullman Firm with the required information to defend the lawsuit and for mediation, that The Kullman Firm would withdraw.

## CERTIFICATION OF CONFERENCE

The Kullman Firm certifies that it discussed this Motion with Counsel for Plaintiffs, who do not oppose this Motion. The Kullman Firm further notes that Plaintiffs' counsel has been professional, patient, and courteous throughout this case, despite the delays discussed above.

## CONCLUSION

**Wherefore,** The Kullman Firm respectfully requests this Court to grant its Motion to Withdraw and allow it to withdraw from representing Defendant in this matter.

Respectfully submitted,

/s/ Alexander C. Landin
Alexander C. Landin (Bar No. 99200)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: acl@kullmanlaw.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Alexander C. Landin
Alexander C. Landin