# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

**MERCEDES SANDOVAL and
JONATHAN EMERSON**,
individually, and on behalf of others
similarly situated,

Case 4:24-cv-137-RBS-LRL

      Plaintiffs,

vs.

**FANEUIL, INC.**, a Virginia Corporation,

      Defendant

## SUPPLEMENTAL SUBMISSION IN SUPPORT OF THE UNOPPOSED MOTION TO WITHDRAW THE KULLMAN FIRM AS COUNSEL OF RECORD FOR DEFENDANT FANEUIL, INC.

The Kullman Firm and Alexander C. Landin (collectively "The Kullman Firm"), who are counsel of record for Defendant Faneuil, Inc. ("Defendant" or "Faneuil), respectfully file this supplemental submission in support of their Unopposed Motion to Withdraw (the "Motion") to address the Court's document and information requests set out in its August 28, 2025 Order, which took the Motion under advisement pending further information from The Kullman Firm. (Dkt. 21.)

In its order, the Court requested The Kullman Firm to provide "evidence" of its requests for information from Faneuil. (Dkt. 21 at 5.) Additionally, the Court requested additional information about who The Kullman Firm sent notice to regarding its intent to withdraw, as well as whether those individuals had authority to speak on behalf of Faneuil. (*Id.*) Third, the Court requested communications or agreements from Faneuil to provide necessary information to The

1

Kullman Firm to defend the case. (*Id.*) Finally, the Court requested information regarding agreements between The Kullman Firm and Faneuil regarding the payment of fees. (*Id.* at 6.) The Kullman Firm will provide documents to respond to each of these requests chronologically.

All the documents the Court requested are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. As those protections belong to Faneuil, who has not waived them, in an accompanying motion The Kullman Firm is respectfully requesting to file the communications under seal per Local Civil Rule 5.

## I.     The Beginning of The Kullman Firm's Representation.

As an initial note, Faneuil is a subsidiary of Continuum Global Solutions, LLC ("Continuum").

The Kullman Firm began representing Continuum shortly after its inception in 2018 by Skyview Capital, LLC, its parent company and Faneuil's ultimate parent company.[1] (Declaration of Samuel Zurik, III.) On December 7, 2018, The Kullman Firm sent Continuum an engagement letter for "employment relations/litigation representation, advice, and training." (Zurik Decl., Ex. 1.) This letter was signed for Continuum by James ("Jim") Hall, Executive Vice President & General Counsel of Skyview Capital, LLC, on February 5, 2019. (*Id.*) The letter stated that The Kullman Firm would invoice Continuum monthly and "hope to receive payment within 90 days of invoicing." (*Id.*) Since that letter was signed, The Kullman Firm has represented Continuum in dozens of matters.

---

[1] Skyview formed Continuum in 2018 to manage the businesses it acquired in 2019. https://www.skyviewcapital.com/skyview-capital-completes-the-acquisition-of-select-customer-care-assets-from-conduent-incorporated. Skyview then acquired Faneuil through Continuum in 2023. https://www.prnewswire.com/news-releases/skyview-capital-acquires-faneuil-llc-through-its-portfolio-company-continuum-global-solutions-301925196.html.

**II.     The Kullman Firm is Retained for *Sandoval v. Faneuil* and is Promised the Necessary Information to Defend the Case.**

On January 6, 2025, Mr. Hall (the same person who signed the 2019 engagement letter) emailed The Kullman Firm to retain them in this suit.  (Declaration of Nicole S. Adler, Ex. 1.) That same day, The Kullman Firm inquired as to whether it should work with Continuum's human resources employees to acquire documentation to answer this lawsuit.  (*Id*.)  Mr. Hall responded: "No, let me know what you need…"  (*Id*.)  Simply put, Mr. Hall identified himself as the primary point of contact for this matter.

On January 27, 2025, The Kullman Firm requested basic information about this wage and hour case, as necessary to complete the answer and begin preparing for the defense – the plaintiffs' employment dates, their rates of pay, what projects they worked on, their personnel files, and their pay statements. (Adler Decl., Ex. 2.) Additionally, The Kullman Firm raised the possibility of mediation and outlined what it would need to calculate potential exposure – the size of the potential class and dates of their employment.  (*Id.*)

On January 30, The Kullman Firm provided a draft answer to Faneuil, based on institutional knowledge and information provided in a prior similar suit.  (Adler Decl., Ex. 3.)  As part of this communication, The Kullman Firm highlighted several allegations in the answer that it needed additional information to respond.  (*Id*.)

The Kullman Firm followed up on this request on February 3, again asking for the necessary information to finalize Faneuil's answer to the Complaint.  (Adler Decl., Ex. 3.)  To date, none of this information has been provided.

On February 4, Mr. Hall responded that he was working on obtaining the requested information and would be in touch soon. (Adler Decl., Ex. 2.)  He also wrote that the company would be open to mediation.  (*Id.*)

On February 27, The Kullman Firm emailed Mr. Hall with an update on the matter – notifying him that the deadline to file a responsive pleading had been delayed until after mediation, inquiring as to his availability to mediate, and again requesting the data and documents necessary to prepare for mediation and prepare a defense. (*Id.*, Ex. 4.) None of this information has ever been provided.

On March 10, The Kullman Firm followed up with its request for Mr. Hall's available dates for the mediation. (Adler Decl., Ex. 4.) Mr. Hall responded later that day with three dates that he was available for mediation, including June 18, which was the date that the parties selected. (*Id.*)

On April 9, April 21, and on May 7, The Kullman Firm emailed Mr. Hall again requesting information and documents to prepare for the mediation. (*Id.*). On May 7, the Kullman Firm cautioned Mr. Hall that the mediation would have to be rescheduled if it did not receive the requested data by May 12. Then, on May 13, having received no response, The Kullman Firm informed Mr. Hall that the mediation could not move forward on June 18 because it had not received any of the requested information or data from him. (*Id.*) In that communication, The Kullman Firm asked that Mr. Hall provide the date by which he would provide the requested information, so that mediation could be reset for 60 days after receipt. (*Id.*) Mr. Hall did not respond, and The Kullman Firm followed up again on May 20, 2025.

Then, on June 6, still having not received a response, The Kullman Firm emailed Mr. Hall once more with the requests for information. It requested a date that the data would be provided in order to reschedule the mediation date sufficiently far enough out for the parties to review and analyze the data. (*Id.*) This request was followed up with a June 16 request.

On June 16, Mr. Hall finally responded to The Kullman Firm's repeated inquiries – stating that he would work on the request that week and get back to The Kullman Firm ASAP. Then, on

4

June 24, Mr. Hall confirmed that he was available on the proposed mediation date of August 22 and that he would be able to get the requested information to The Kullman Firm by July 4. (Adler Decl., Ex. 5.)  No information was provided by July 4.

On July 25, The Kullman Firm emailed again regarding the information needed to prepare for mediation (and explained why the data was necessary).  It further provided Mr. Hall with the July 25, 2025, Order (Doc. 18.) from the Court.

Receiving no response, on August 4, The Kullman Firm informed Mr. Hall that mediation could not move forward on August 22.  (Adler Decl., Ex. 6.)  Additionally, The Kullman Firm informed Mr. Hall that it would need to withdraw if it did not receive a response and the requested data by close of business the next day.  (*Id*.) Mr. Hall did not respond.

As a result, on August 6, The Kullman Firm informed Mr. Hall that it would be filing a motion to withdraw from the case. (*Id*.)  Additionally, The Kullman Firm raised the issue of unpaid legal fees in relation to both the underlying litigation and other matters for which The Kullman Firm represented Continuum (the full extent of which is available to the Court in the documents The Kullman Firm is requesting to file under seal).  (*Id.*)  Mr. Hall did not respond in any manner.[2]

To the Court's inquiry of whether Mr. Hall "had authority to speak on behalf of the corporate Defendant," Mr. Hall has throughout this entire process been Skyview Capital's General Counsel, and is listed on their website as "oversee[ing] all legal and regulatory responsibilities worldwide, including . . . litigation . . ."  (Adler Decl., Ex. 7; *see also* https://www.skyviewcapital.com/jim-hall).  He is the individual who originally retained The

---

[2] The Kullman Firm also raised the issue of unpaid legal fees in April 2025.  (Zurik Decl., Ex. 2.) After several months of emailing, on June 24, Mr. Hall wrote that he "secured a firm commitment to address the arrears to Kullman" through regular monthly payments.  (*Id.*)  Despite that commitment, no payment has ever been made.

Kullman Firm to represent Continuum and its subsidiaries; he is the individual who retained The Kullman Firm to represent Faneuil in the instant litigation, identifying himself as the point of contact for information and documents necessary for the defense; and he is the individual who over the course of The Kullman Firm's seven-year relationship with Continuum has been the primary point of contact. (Adler Decl. ¶ 3, 4.)

**III.     The Kullman Firm Likely Has a Conflict of Interest with Faneuil/Continuum.**

Since The Kullman Firm has filed its motion to withdraw, it still has not received payment in this case or in other cases. On August 25, The Kullman Firm contacted Continuum regarding its global outstanding fees for this case and others (which, together are significant). (Zurik Decl., Ex. 3.) In that email, The Kullman Firm stated that if there was not a response or some mutually acceptable payment arrangement agreed to, it would initiate legal proceedings to recover the unpaid fees. (*Id.*) While Mr. Hall agreed to a payment plan on behalf of Continuum, none of the promised payments have been received. (*Id.*) As such, at this time, The Kullman Firm believes that a conflict-of-interest either has or will arise.

Respectfully submitted,

*/s/ Alexander C. Landin*
Alexander C. Landin (Bar No. 99200)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail:  acl@kullmanlaw.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Alexander C. Landin

Alexander C. Landin