**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**MERCEDES SANDOVAL and**
**JONATHAN EMERSON**,                                    Case 4:24-cv-137-RBS-LRL
individually, and on behalf of others
similarly situated,

       Plaintiffs,

vs.

**FANEUIL, INC.**, a Virginia Corporation,

       Defendant

**<u>PLAINTIFFS' OPPOSITION TO THE KULLMAN FIRM'S MOTION TO WITHDRAW
AS COUNSEL OF RECORD FOR DEFENDANT FANEUIL, INC.</u>**

# I.    INTROCUTION

Initially, the Motion to Withdraw (the "Motion") was presented to Plaintiffs' Counsel as a dispute between Defense Counsel and Defendant over outstanding legal bills and a refusal to honor the mutually agreed upon alternative dispute resolution process. However, the recent "Supplemental Submission" clarifies that this is instead a calculated tactical maneuver by Defendant, its successor companies, and their corporate representatives to stymie this litigation, evade Defendant's legal obligations (including Orders from this Court), and intentionally cause Plaintiffs' Counsel, Defense Counsel, and the Court to incur unnecessary legal fees.

The present Motion is premature. Moreover, the situation has been exacerbated by the delay in disclosing the true nature of the dispute to Plaintiffs and the Court, withholding information, and even (at times) misleading Plaintiffs' Counsel regarding the situation.

For example, on June 2, 2025, after receiving *dozens* of inquiries from Plaintiffs regarding the outstanding mediation productions, Defense Counsel represented to Plaintiffs' Counsel that the day after returning from a lengthy vacation to Europe the "relationship partner" (presumably James "Jim" Hall) had a "pretty bad bicycle accident." *Exhibit 1*. Oddly, neither the Motion nor Supplemental Submission reference this vacation and subsequent bicycle accident. In fact, in the Supplemental Submission calls into question whether the vacation and bicycle accident even happened, as it states Defense Counsel did not receive *any* communication from Defendant between April 9, 2025 and June 16, 2025. *See* Doc. 22 at 4 (emails sent on "April 9, April 21, and on May 7" and "on June 6, still not having received a response" and "[o]n June 16, Mr. Hall finally responded."). Again, there is no mention of the vacation or serious bicycle accident in the record.

As it turns out, this litigation is being controlled by Skyview Capital, LLC ("Skyview") and Continuum Global Solutions, LLC ("Continuum"). As explained herein, those companies are

clearly trying to carry out an empty-chair defense using the now inactive Faneuil, Inc. as the fall company. This is a material fact that should have been disclosed to Plaintiffs long ago.

In any case, as the Court pointed out, Defendant needs representation in this matter. Dismissing Defense Counsel at this stage complicates the situation, and there are far better solutions that should be explored *before* the Motion is decided. At this time, Defense Counsel should be ordered to stay in the case and serve copies of all filed papers on Defendant.

First, Plaintiffs will amend the Complaint to add successor liability and joint employment claims against Continuum and Skyview.[1] Plaintiffs' Counsel conferred with Defense Counsel on this proposal, who indicated they are obviously not able to oppose this request, because their client is currently not speaking to them. However, the filing and service of an amended complaint on Continuum and Skyview will likely result in new counsel for Defendant.

Second, as explained herein, this Court has personal jurisdiction over attorney James Hall who has misled Defense Counsel, Plaintiffs' Counsel, and the Court in the timely and efficient resolution of this litigation. A show-cause order can and should be issued for his appearance to explain the situation. Again, Defense Counsel is not able to oppose this request either.

Third, as stated above, Defense Counsel should not be permitted to withdraw until new counsel for Defendant appears. Respectfully, any opposition to this request is unreasonable given the record, and particularly the delay in bringing this matter to Plaintiffs and the Court. In the interim, Defense Counsel should simply serve all papers on Defendant so this case can proceed.

For the reasons explained herein, Plaintiffs respectfully request that the Court *deny* Defense Counsel's Motion *without prejudice*.

---

[1] The statutory definition of "employer" under the FLSA is expansive and includes individuals who act directly or indirectly in the interest of an employer in relation to an employee. *See* 29 U.S.C. § 203. Discovery may reveal that additional individuals are appropriate as defendants.

## II.     FACTS AND CASE BACKGROUND

In September 2023, Continuum and Skyview acquired Faneuil. *Exhibit 2*, Press Releases. Interestingly, the acquisition was not announced on Continuum's website until May 5, 2025, around the time that the present situation developed. *Id.*

Plaintiffs filed the present lawsuit on November 16, 2024. Doc. 1. At that time, Defendant was registered, in good standing, and doing business in Virginia. However, as of January 1, 2025, Defendant entered an "inactive" status. *Exhibit 3*, Virginia SCC Records.

As recently as September 8, 2025, Defendant was actively litigating another employment matter. *See Rodriguez v. Faneuil, Inc.*, Case No. 24-cv-07445 (C.D. Cal. 2024).

On January 7, 2025, Defense Counsel sought an extension to file its responsive pleading to the Complaint. Doc. 4. As a professional courtesy, Plaintiffs did not oppose this request. Notably, and somewhat confusingly, the request stated:

> ***Conduent*** was served with Plaintiffs' Complaint thereby making ***Conduent's*** responsive pleadings due on or before January 8, 2025. ***Conduent*** now requests an additional thirty (30) days from the original deadline, or until February 7, 2025, to file responsive pleadings. Faneuil submits good cause exists for this motion for extension of time as Faneuil is continuing to investigate the Rule 23 class allegations contained in Plaintiff's Complaint.

Doc. 4.

Again, on February 7, 2025, Defense Counsel sought another extension, once again referencing the request as being on behalf of both Conduent and Faneuil. Doc. 10.

As stated above and the Supplemental Submission, Conduent is Faneuil's parent company, and Skyview is Conduent's parent company. Additionally, as explained in the Supplemental Submission, there is significant overlap amongst the upper management of the companies, with James Hall directing the litigation on behalf of all three companies. Doc. 22 at 7.

As the Court is aware, Plaintiffs' Counsel recently settled another matter with Defendant

(Faneuil, Inc.) in 2024, which was pending in front of Judge Walker. Doc. 12. In the 2024 matter, Faneuil was represented by a different law firm (Littler Mendelson, P.C.).

On February 14, 2025, the Parties agreed to stay the litigation and attend mediation. Doc. 13. The first mediation was scheduled for June 18, 2025, to provide the Parties with enough time to engage in the necessary informal discovery to properly assess the strengths and weaknesses of the claims asserted. Doc. 16.

As the Court is now aware, after confirming the mediation plan, Defendant checked out of this case. While the Court is aware of Defense Counsel's persistent efforts to obtain information from Defendant, the Court should also be aware of Plaintiff Counsel's extensive and repeated inquiries with Defense Counsel regarding the same. *See generally*, Exhibit 1. From Plaintiffs' side, they were led to believe that there was no cause for concern. Instead, the repeated failure to produce the requested documents and data for mediation, and the subsequent cancelling and rescheduling of the mediation, was all the result of a series of unlikely and unfortunate events (e.g. an extensive European vacation to celebrate a graduation and a serious bicycle accident the day after return from vacation). *Id*. Meanwhile, as the record now reflects, what was really happening is that the Defendant had abandoned this litigation and its attorneys. Additionally, it had moved the "Faneuil" operation to an inactive status and continued the business operations under the "Continuum" name.

On August 7, 2025, Defense Counsel notified Plaintiffs' Counsel that Defendant was behind on its legal bills and had stopped responding to Defense Counsel's communications. Defense Counsel's engagement with Continuum and Skyview, rather than Defendant, was not disclosed. Plaintiffs understood the conversation to be that there was a breakdown in the relationship between Defense Counsel and Defendant, not that Defendant was trying to skip town.

### III. ARGUMENT

**A. Plaintiffs Should Be Granted Leave to Amend to Add Skyview and Continuum as Defendants to this Lawsuit.**

Successor liability is appropriate under the FLSA. *See Carrillo v. Borges Constr., LLC*, No. GJH-13-641, 2016 WL 5716186, at *5 (D. Md. Sept. 30, 2016) (holding "this court finds that successor liability is appropriate under the FLSA."); *Gaske v. Crabcake Factory Seafood House, LLC*, No. 1:18-CV-02630-JMC, 2023 WL 3304889, at *2 (D. Md. May 8, 2023) (same); *Jahagirdar v. Computer Haus NC, Inc.*, No. 1:20-CV-33-MOC-WCM, 2022 WL 820941, at *6 (W.D.N.C. Mar. 17, 2022) (holding "successor liability is available under the FLSA"). *See also Steinbach v. Hubbard,* 51 F.3d 843, 845 (9th Cir. 1995)("we conclude that successorship liability exists under the FLSA")*; Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 766 (7th Cir. 2013) ("We suggest that successor liability is appropriate in suits to enforce federal labor or employment laws"). This trend has also been noted within this district.")

Indeed, successor liability is appropriate where, as is the case here, "there is continuity between the operations and work force of the predecessor and the successor." *Carrillo* at *5, citing *Teed* 711 F.3d at 766. As outlined in the attached press releases, Skyview and Continuum's acquisition of Faneuil is "merely a continuation or reincarnation of the transferor corporations" *Id*. Accordingly, Plaintiffs should be permitted to add Skyview and Continuum as defendants.

Additionally, the FLSA provides that an employee may have more than one employer, and that a joint employment relationship may be appropriate, where the companies have "shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer. *Salinas v. Com. Interiors, Inc.*, 848 F.3d 125, 141 (4th Cir. 2017). Plaintiffs should be granted leave to amend the Complaint to add Skyview and Continuum as joint employers and/or under an alter ego theory.

**B. The Court Has Personal Jurisdiction Over Attorney James "Jim" Hall.**

Plaintiffs, Plaintiffs' Counsel, Defense Counsel, and the Court have all been required to unnecessarily expend time and incur attorney fees due to James Hall's decision to disregard this lawsuit. He is the corporate representative for Faneuil, retained Defense Counsel to represent the company in this litigation, and participated in the litigation. This Court has personal jurisdiction over Defendant, and therefore over attorney James Hall, to issue a show cause order requiring him to appear for a hearing to explain himself.

In *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court stated that a defendant's contact with a forum state must be "purposeful" in order to support personal jurisdiction. Additionally, "the fiduciary shield doctrine is not available where the forum state's long-arm statute is coextensive with the full reach of due process." *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 525 (4th Cir. 1987) (*internal quotation omitted*).

Whereas "[g]eneral actions by such persons on behalf of the corporation will not generally subject them to an out-of-state court's jurisdiction, [ ] actions related to the events in question may do so." *AARP v. Am. Fam. Prepaid Legal Corp.*, 604 F. Supp. 2d 785, 799 (M.D.N.C. 2009), citing *Mkt. Am. v. Optihealth Prods., Inc.*, No. 1:07CV00855, 2008 WL 5069802, at \*8 (M.D.N.C. Nov. 21, 2008). "[E]ven actions taken wholly out of state may not shield a corporate director from a state's long arm statute when directly connected to the issues of a lawsuit." *Mkt. Am.*, at \*8, *citing Pittsburgh Terminal Corp.*, *supra*.; *Springs Industries, Inc. v. Gasson,* 923 F.Supp. 823 (D.S.C.1996) (collecting cases).

In this case, James Hall "was aware of the corporate activity and collaborated in it very directly and personally." *Id*. He knowingly retained a law firm comprised of a Virginia licensed

attorney (Alexander C. Landin) to represent Defendant in a lawsuit pending the Eastern District of Virginia, against the Virginia headquartered Defendant he represents. Additionally, he consulted and directed the filing of documents in this case and has otherwise already substantively and significantly participated in this litigation. There can be no credible argument that he has not purposely availed himself to this Court's jurisdiction through those actions, nor can it be argued that asking him to appear would "otherwise offend fair play and substantial justice." *Burger King Corp.* at 463. *See also*, *D'Addario v. Geller*, 264 F. Supp. 2d 367, 381 (E.D. Va. 2003) (holding "a defendant is not immune from jurisdiction in Virginia merely because her contacts with the Commonwealth were made ostensibly on behalf of the corporation. Therefore, the court's exercise of jurisdiction was proper if the defendant had sufficient contacts with Virginia, even if those contacts were made ostensibly on behalf of the corporation.").

**C. Defense Counsel Should *Not* Be Permitted to Withdraw Until New Counsel for Defendant Appears or Judgment Against Defendant is Entered.**

Plaintiffs' Counsel has some, albeit limited, sympathy for Defense Counsel that Defendant's conduct in this litigation has caused it to go unpaid since the start of the case. However, Plaintiffs' Counsel has likewise not been paid (and continues to work on a contingency basis). Fortunately, because Defense Counsel is unable to file a responsive pleading without reconnecting with Defendant, Plaintiffs will be moving for a default judgment in short order.

Defense Counsel should be required to remain in the case until a new attorney appears on behalf of Defendant or a judgment is entered against Defendant. This is a fair request given the fact that the transition of Defendant's operations was concealed from Plaintiffs for this long. The fact that a company is a subsidiary of another company is obviously not notice that the company is transitioning its operations and assets to a company with a different name and in a different state.

Under these circumstances, the Court should deny the Motion to withdraw without prejudice and order Defense Counsel to remain in the case as counsel of record and serve copies of papers on Defendant. *See Sydell v. LifeMed USA, Inc.*, No. 1:16CV1143, 2017 WL 4862786, at *2 (M.D.N.C. Oct. 27, 2017) (holding corporate "counsel shall remain in the case for the limited purpose of receiving service of papers (which counsel must then forward to Corporate Defendants), unless/until new counsel appears on behalf of Corporate Defendants.").

Plaintiffs fully expect that after an amended complaint is filed and served on Skyview and Continuum, new counsel for Defendant will surface. If not, then a default judgment will be entered against Defendant.

## IV.     CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny Defense Counsel's Motion without prejudice. Defense Counsel should be ordered to remain in the case and serve copies of all papers on Defendant until new counsel appears or a judgment is entered against Defendant.

Respectfully submitted, this 30th day of September 2025,

**THE ERLICH LAW OFFICE**

*s/ Joshua Erlich*
Joshua Erlich, Esquire
(VA Bar No. 90394)
1550 Wilson Blvd #700
Arlington, Virginia
**Phone:** (703) 791-9087
jerlich@erlichlawoffice.com

**ASH LAW, PLLC**
Charles R. Ash, IV (P73877) (*Admitted*)
43000 W 9 Mile Rd, Ste. 301 PMB 2113
Novi, MI 48375
Phone: (734) 234-5583

cash@nationalwagelaw.com

**RODRIGUEZ LAW PLC**
Oscar Rodriguez (P73413) (*Admitted*)
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 355-5666
oscar@orodlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed with the Clerk of the Court on September 30, 2025, using the Court's CM/ECF system, which will then send notification of this filing to the following:

Alexander C. Landin (Bar No. 99200)
THE KULLMAN FIRM, P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: acl@kullmanlaw.com


*Counsel for Defendant*


$\underline{\hspace{2cm}}$/s/$\underline{\hspace{2cm}}$
Joshua Erlich, VA Bar No. 81298
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA  22209
Tel:    (703) 791-9087
Fax:    (703) 722-8114
Email: jerlich@erlichlawoffice.com

*Counsel for Plaintiff*