**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**MERCEDES SANDOVAL and**
**JONATHAN EMERSON**,             Case 4:24-cv-137-RBS-LRL
**individually, and on behalf of others**
**similarly situated,**

       **Plaintiffs,**

**vs.**

**FANEUIL, INC., a Virginia Corporation,**

       **Defendant**

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

Undersigned counsel submits an Answer and Affirmative Defenses for Defendant Faneuil, Inc. ("Defendant" or "Faneuil") to Plaintiffs Mercedes Sandoval and Jonathan Emerson's Collective and Class Action Complaint and Jury Demand ("Complaint") (Dkt. 1), filed November 16, 2024. As noted in The Kullman Firm's Memorandum in Support of its Motion Withdraw (Dkt. 20) and its Supplemental Submission in Support of its Motion to Withdraw (Dkt. 22), The Kullman Firm provided a draft answer to Defendant on January 29, 2025, and noted issues that The Kullman Firm did not have sufficient information for which to answer. The Kullman Firm also provided Defendant with the draft answer, which included requests for information, on February 3, 2025, and on August 12, 2025. Since The Kullman Firm filed its Motion to Withdraw, Defendant has made no attempt to contact The Kullman Firm or provide it with information needed for this filing.

However, per the Court's July 25, 2025 Order (Dkt. 18), The Kullman Firm files this Answer and Affirmative Defenses, on behalf of its absent client.

1

## INTRODUCTION

1.      The allegations in Paragraph 1 of the Complaint do not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

2.      Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 2 of the Complaint are denied.

3.      Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 3 of the Complaint are admitted.

4.      Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 4 of the Complaint are admitted.

5.      Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in the first sentence of Paragraph 5 of the Complaint are admitted.  Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in the second sentence of Paragraph 5 of the Complaint are denied.

6.      The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 6 of the Complaint.

7.      Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 7 of the Complaint are denied.

8.      Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 8 of the Complaint are denied.

9. Paragraph 9 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies any implication that the document discussed in Paragraph 9 of the Complaint (which speaks for itself) implicate or apply to Defendant or that Defendant is liable to Plaintiffs, in any way.

10. Paragraph 10 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies any implication that the document discussed in Paragraph 10 of the Complaint (which speaks for itself) implicate or apply Defendant or that Defendant is liable to Plaintiffs, in any way.

11. Paragraph 11 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies any implication that the document discussed in Paragraph 11 of the Complaint (which speaks for itself) implicate or apply Defendant or that Defendant is liable to Plaintiffs, in any way.

12. Paragraph 12 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies any implication that the document discussed in Paragraph 12 of the Complaint (which speaks for itself) implicate or apply Defendant or that Defendant is liable to Plaintiffs, in any way.

13. The allegations in Paragraph 13 of the Complaint are denied.

14. The allegations in Paragraph 14 of the Complaint are denied.

15. The allegations in Paragraph 15 of the Complaint are denied.

16. The allegations in Paragraph 16 of the Complaint are denied.

17. The allegations in Paragraph 17 of the Complaint are denied.

18. The allegations in Paragraph 18 of the Complaint are denied.

19.     The allegations in Paragraph 19 of the Complaint are denied.

20.     The allegations in Paragraph 20 of the Complaint do not require a response, but in an abundance of caution are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

21.     The allegations in Paragraph 21 of the Complaint are denied.

22.     The allegations in Paragraph 22 of the Complaint are denied.

23.     The allegations in Paragraph 23 of the Complaint do not require a response, but in an abundance of caution are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

## **JURISDICTION**

24.     The allegations in Paragraph 24 of the Complaint are admitted, however Defendant denies that it is liable to Plaintiffs, in any way.

25.     The allegations in Paragraph 25 of the Complaint are admitted, however Defendant denies that it is liable to Plaintiffs, in any way.

26.     Paragraph 26 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies any implication that the document discussed in Paragraph 26 of the Complaint (which speaks for itself) implicate or apply Defendant or that Defendant is liable to Plaintiffs, in any way.

27.     The allegations in Paragraph 27 of the Complaint are denied.

28.     The allegations in Paragraph 28 of the Complaint are admitted, however Defendant denies that it is liable to Plaintiffs, in any way.

29. Paragraph 29 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

30. The allegations in Paragraph 30 of the Complaint are admitted.

31. Paragraph 31 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

32. Paragraph 32 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

33. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 33 of the Complaint.

34. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 34 of the Complaint.

## VENUE

35. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 35 of the Complaint.

## PARTIES

36. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant admits that it employed Mercedes Sandoval in Kansas as a customer services representative within the last three years, but otherwise denied for lack of information. Based on The Kullman Firm's current understanding of the facts that has not been

confirmed by Defendant, Defendant denies the allegations in footnote 2 to Paragraph 36 of the Complaint.

37. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 37 of the Complaint.

38. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

40. Defendant admits that it employed Jonathan Emerson in Virginia as a customer services representative within the last three years, but otherwise denied for lack of information.

41. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 41 of the Complaint.

42. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

44. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 44 of the Complaint.

### **GENERAL ALLEGATIONS**

45. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 45 of the Complaint are admitted.

46. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 46 of the Complaint are denied.

47. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 47 of the Complaint are denied.

48. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 48 of the Complaint are denied.

49. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 49 of the Complaint are denied.

50. In response to the allegations in Paragraph 50 of the Complaint, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant states that Plaintiffs were remote employees and therefore there were limited on the ability of Defendant to control their work schedules, duties, protocols, computer applications, assignments, and employment conditions. Defendant denies the remaining allegations in Paragraph 50 of the Complaint and denies that it is liable to Plaintiffs, in any way.

51. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 51 of the Complaint are admitted.

52. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 52 of the Complaint are denied.

53. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 53 of the Complaint are denied.

54. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 54 of the Complaint are denied.

55. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 55 of the Complaint are denied.

56. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 56 of the Complaint are denied.

57. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 57 of the Complaint are denied.

58. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 58 of the Complaint are denied.

59. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 59 of the Complaint are denied.

60. To the extent Paragraph 60 of the Complaint quotes a document, the document speaks for itself and Defendant denies any implication that it is liable, in any way, to Plaintiffs.

61. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 61 of the Complaint are denied.

62. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 62 of the Complaint are denied.

63. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 63 of the Complaint are denied.

64. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 64 of the Complaint are denied.

65. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 65 of the Complaint are denied.

66.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 66 of the Complaint are denied.

67.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 67 of the Complaint are denied.

68.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 68 of the Complaint are denied.

A. **Pre-Shift Off-the-Clock Work**

69.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 69 of the Complaint are denied.

70.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 70 of the Complaint are denied.

71.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 71 of the Complaint are denied.

72.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 72 of the Complaint are denied.

73.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 73 of the Complaint are denied.

74.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 74 of the Complaint are denied.

75.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 75 of the Complaint are denied.

76.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 76 of the Complaint are denied.

77. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 77 of the Complaint are denied.

78. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 78 of the Complaint are denied.

79. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 79 of the Complaint are denied.

**B. <u>Meal-Period Off-the-Clock Work</u>**

80. The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 80 of the Complaint.

81. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 81 of the Complaint are denied.

82. Paragraph 82 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, Defendant, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, denies them and further denies that it is liable to Plaintiffs, in any way. Defendant further denies Paragraph 82 of the Complaint to the extent that it miscites federal regulations by including emphasis that is not in the regulations.

83. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 83 of the Complaint are denied.

84. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 84 of the Complaint are denied.

85. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 85 of the Complaint are denied.

86.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 86 of the Complaint are denied.

**C. Post-Shift Off-the-Clock Work**

87.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 87 of the Complaint are denied.

88.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 88 of the Complaint are denied.

89.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 89 of the Complaint are denied.

90.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 90 of the Complaint are denied.

91.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 91 of the Complaint are denied.

92.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 92 of the Complaint are denied.

93.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 93 of the Complaint are denied.

**D. Exemplary Pay-Period to Illustrate Pre-Shift, Meal-Period and Post-Shift Compensation Deficiencies.**

94.     The Kullman Firm does not have sufficient information to form a belief of the truth of the allegation asserted in Paragraph 94 of the Complaint.

95.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 95 of the Complaint are denied.

96. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 96 of the Complaint are denied.

E. Defendant Benefitted from the Uncompensated Off-the-Clock Work

97. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 97 of the Complaint are denied.

98. Regarding the allegations in Paragraph 98 of the Complaint, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant avers that Plaintiffs were at times remote employees and therefore there were limits on the ability of Defendant to control their work schedule, duties, protocols, computer applications, assignments and employment conditions. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies the remaining allegations in Paragraph 98 of the Complaint.

99. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 99 of the Complaint are denied.

100. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 100 of the Complaint are denied.

101. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 101 of the Complaint are denied.

102. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 102 of the Complaint are denied.

103. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 103 of the Complaint are denied.

104. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 104 of the Complaint are denied.

105. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 105 of the Complaint are denied.

106. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 106 of the Complaint are denied.

107. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 107 of the Complaint are denied.

108. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 108 of the Complaint are denied.

109. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 109 of the Complaint are denied.

## F. **Defendant Paid Straight Time Wages for Overtime Hours Worked.**

110. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 110 of the Complaint are denied.

111. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 111 of the Complaint are denied.

112. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 112 of the Complaint are denied.

113. Paragraph 113 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

**G. <u>Defendant Failed to Include Shift Differentials in the Regular Rate When it Calculated Overtime Pay.</u>**

114. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 114 of the Complaint are denied.

115. Paragraph 115 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

116. Paragraph 116 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

117. Paragraph 117 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

118. Paragraph 118 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

119. Paragraph 119 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

120. Paragraph 120 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

121. Paragraph 121 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

122. Paragraph 122 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

123. Paragraph 123 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

124. Paragraph 124 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

125. Paragraph 125 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of

the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

126. Paragraph 126 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

127. Paragraph 127 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

128. Paragraph 128 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

129. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 129 of the Complaint are denied.

130. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 130 of the Complaint are denied.

131. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 131 of the Complaint are denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

132. The allegations in Paragraph 132 of the Complaint do not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has

not been confirmed by Defendant, are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

133. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 133 of the Complaint are denied.

134. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 134 of the Complaint are denied.

135. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 135 of the Complaint are denied.

136. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 136 of the Complaint are denied.

137. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 137 of the Complaint are denied.

138. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 138 of the Complaint are denied.

139. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 139 of the Complaint are denied.

140. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 140 of the Complaint are denied.

141. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 141 of the Complaint are denied.

142. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 142 of the Complaint are denied.

143. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 143 of the Complaint are denied.

144. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 144 of the Complaint are denied.

145. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 145 of the Complaint are denied.

146. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 146 of the Complaint are denied.

147. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 147 of the Complaint are denied.

148. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 148 of the Complaint are denied.

149. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 149 of the Complaint are denied.

## RULE 23 CLASS ACTION ALLEGATIONS

150. The allegations in Paragraph 150 of the Complaint do not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

151. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 151 of the Complaint are denied.

152. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 152 of the Complaint are denied.

153. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 153 of the Complaint are denied.

154. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 154 of the Complaint are denied.

155. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 155 of the Complaint are denied.

156. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 156 of the Complaint are denied.

157. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 157 of the Complaint are denied.

158. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 158 of the Complaint are denied.

## RULE 23 VIRGINIA CLASS ACTION ALLEGATIONS

159. The allegations in Paragraph 159 of the Complaint do not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

160. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 160 of the Complaint are denied.

161. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 161 of the Complaint are denied.

162. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 162 of the Complaint are denied.

163. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 163 of the Complaint are denied.

164. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 164 of the Complaint are denied.

165. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 165 of the Complaint are denied.

166. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 166 of the Complaint are denied.

167. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 167 of the Complaint are denied.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action**
**Violation of FLSA, 29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME WAGES**

168. Defendant incorporates its responses to Paragraphs 1-168 of the Complaint, as appropriate.

169. Paragraph 169 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

170. Paragraph 170 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

171.     Regarding the allegations in Paragraph 171 of the Complaint, , based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant admits that Plaintiffs were non-exempt employees, and that employees with similar duties as Plaintiffs are also non-exempt employees.  Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies the remaining allegations in Paragraph 171 of the Complaint.

172.     Paragraph 172  of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant,  Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

173.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 173 of the Complaint are denied.

174.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 174 of the Complaint are denied.

175.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 175 of the Complaint are denied.

176.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 176 of the Complaint are denied.

177.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 177 of the Complaint are denied.

178.     Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 178 of the Complaint are denied.

179. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 179 of the Complaint are denied.

180. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 180 of the Complaint are denied.

181. Paragraph 181 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way.

**COUNT II**
**(Rule 23 Class Action)**
**Breach of Contract**

182. Defendant incorporates its responses to Paragraphs 1-181 of the Complaint, as appropriate.

183. The allegations in Paragraph 183 of the Complaint do not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

184. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 184 of the Complaint are denied.

185. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 185 of the Complaint are denied.

186. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 186 of the Complaint are denied.

187. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 187 of the Complaint are denied.

188. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 188 of the Complaint are denied.

189. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 189 of the Complaint are denied.

190. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 190 of the Complaint are denied.

191. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 191 of the Complaint are denied.

**COUNT III**
**(Rule 23 Class Action)**
**Unjust Enrichment**

192. Defendant incorporates its responses to Paragraphs 1-191 of the Complaint, as appropriate.

193. The allegations in Paragraph 193 of the Complaint do not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

194. The allegations in Paragraph 194 of the Complaint do not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, are denied and Defendant further denies that this action can be maintained as a collective and/or class action and denies that it is liable, in any way, to Plaintiffs.

195.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 195 of the Complaint are denied.

196.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 196 of the Complaint are denied.

197.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 197 of the Complaint are denied.

198.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 198 of the Complaint are denied.

199.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 199 of the Complaint are denied.

200.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 200 of the Complaint are denied.

201.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 201 of the Complaint are denied.

202.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 202 of the Complaint are denied.

203.    Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 203 of the Complaint are denied.

**COUNT IV**
**(Rule 23 Virginia Class Action)**
**Violation of Virginia Wage Payment Act**

204.    Defendant incorporates its responses to Paragraphs 1-204 of the Complaint, as appropriate.

205. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 205 of the Complaint are denied.

206. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 206 of the Complaint are denied.

207. Paragraph 207 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way. Further, Defendant denies Paragraph 207 of the Complaint to the extent it only includes a partial quote of the code language.

208. Paragraph 208 of the Complaint calls for a legal conclusion and does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies them and further denies that it is liable to Plaintiffs, in any way. Further, Defendant denies Paragraph 208 of the Complaint to the extent it only includes a partial quote of the code language.

209. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 209 of the Complaint are denied.

210. Based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph 210 of the Complaint are denied.

## <u>PLAINTIFFS' PRAYER FOR RELIEF</u>

Regarding the unnumbered paragraph and sections a-m under the Complaint's "Prayer for Relief," based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant denies that it is liable in any way to Plaintiffs and any

class/collective action they seek to represent, and further deny that this case can proceed as a class action and/or a collective action.

## PLAINTIFFS' JURY DEMAND

Regarding Plaintiffs' Jury Demand, it does not require a response, but in an abundance of caution, based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, Defendant objects and denies Plaintiffs' jury demand to the extent a trial by jury is not appropriate for some or all of Plaintiffs' claims and further denies the jury demand on the basis that Plaintiffs are not entitled to trial by jury on all the elements or issues they have alleged.

## DEFENDANT'S AFFIRMATIVE DEFENSES

The Kullman Firm submits these affirmative defenses on behalf of Defendant based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant.

1. Plaintiffs and/or the putative class/collective action members fail to state a claim upon which relief can be granted.

2. Plaintiffs and/or the putative class/collective action members were paid for all the time they worked for Defendant in accordance with state and federal law.

3. Plaintiffs and/or the putative class/collective action members' claims are barred by the applicable statute of limitations.

4. Plaintiffs lack standing for some or all of their claims and cannot adequately represent the interests of the putative class members or the class action.

5. Defendant acted in good faith when it compensated Plaintiffs and/or the putative class/collective action members. Any complained-of action, inaction or omission was in good-

faith conformity with and in reliance on a prior judgment and/or judicial order, applicable law, administrative regulations, orders, interpretations and/or administrative practice or policy enforcement pursuant to 29 U.S.C. §§ 258, 259, or other applicable authority. Defendant is not relying on the advice of counsel defense.

6. Even if Defendant violated any provision of the FLSA or state law (which Defendant denies), such violation was not pursuant to a uniform plan, policy, or practice.

7. Even if Defendant violated any provision of the FLSA or state law (which Defendant denies), such violations were not willful, knowing, or in reckless disregard of the law. Defendant is not relying on the advice of counsel defense.

8. Defendant correctly calculated Plaintiffs and/or the putative class/collective action members' regular rate for calculating overtime under state and federal law.

9. Plaintiffs and/or the putative class/collective action members' claims are barred under the FLSA to the extent that they did not work more than forty (40) hours in any given workweek and/or did not receive pay at a rate less than minimum wage.

10. Defendant is entitled to any offset due to any wrongful conduct by Plaintiffs and/or the putative class/collective action members to the extent any is discovered.

11. Plaintiffs and/or the putative class/collective action members' claims are barred under the *de minimis* doctrine.

12. Plaintiffs and/or the putative class/collective action members' claims are barred as they are speculative.

13. Plaintiffs and/or the putative class/collective action members' claims regarding preliminary activities, postliminary activities, or incidental activities to their principal activities are barred by 29 U.S.C. § 254.

14. Plaintiffs are not entitled to certification of any collective action on their FLSA claims because they are not similarly situated to each other or to the putative collective action members who they seek to represent and cannot identify a group of similarly situated employees or former employees of defendant.

15. Plaintiffs are not entitled to certification of any class claims under state or federal law because they cannot meet the requirements of Federal Rule of Civil Procedure 23(a) and/or 23(b).

16. Collective or class relief is inappropriate because individual issues predominate over issues generally applicable to the collective action or class action.

17. A collective/class action would lack control and manageability and would not promote judicial efficiency.

18. Some or all of Plaintiffs' claims conflict with those of the putative class/collective action members.

19. Certification of the proposed class action and/or collective action would violate due process under the Virginia and federal constitutions.

20. Plaintiffs and/or the putative class/collective action members' claims are barred in whole or in part by the principles of accord and satisfaction.

21. To the extent Plaintiffs and/or the putative class/collective action members waived participation in a collective/class action and/or agreed to arbitrate her/his claims, s/he may not join and/or remain in this action and must be compelled to arbitrate her/his claims on an individual basis.

22. Plaintiffs and/or the putative class/collective action members' claims are barred as they have waived their rights in settlement in exchange for adequate consideration for some or all of their claims.

23. Defendant is entitled to a set off, credit and/or deductions for any amounts paid to Plaintiffs and/or the putative class/collective action members including, but not limited to, payments for which they were not eligible, payments not otherwise due or required, payments they received for periods in which they did not work and/or payments that constituted an advance payment of wages.

24. Plaintiffs and/or the putative class/collective action members cannot satisfy their burden of proof with respect to any alleged damages suffered.

25. Plaintiffs and/or the putative class/collective action members' claims are barred to the extent that they had a system to record their time and did not utilize it. Plaintiffs and/or the putative class/collective action members cannot recover for time that Defendant did not suffer or permit them from working and for which Defendant lacks constructive or actual knowledge.

26. Plaintiffs and/or the putative class/collective action members' claims are barred by the doctrine of unclean hands to the extent that they misrepresented or falsely reported the time they worked without any instruction from Defendant to do so, and now claim that Defendant willfully and knowingly refused to pay them for that time.

27. Plaintiffs and/or the putative class/collective action members' claims are barred by the doctrine of unjust enrichment.

28. Plaintiffs and/or the putative class/collective action members' claims are barred on the doctrine of laches.

29. Plaintiffs and/or the putative class/collective action members' claims are barred on the doctrine of estoppel.

30. Plaintiffs are not entitled to an award of prejudgment interest, regardless of whether they prevail on some or all of their claims.

31. Some or all of Plaintiffs and/or the putative class/collective action members' claims brough under Virginia law are preempted by federal law.

32. Defendant invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

Defendant reserves its right to amend or supplement these affirmative defenses.

**WHEREFORE**, Defendant Faneuil, Inc. requests that this Court dismiss Plaintiff's Complaint, with prejudice, enter judgment in favor of Defendant and award Defendant costs and any other relief that Defendant is entitled to.

Dated: October 2, 2025

*/s/ Alexander C. Landin*
Alexander C. Landin (Bar No. 99200)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: acl@kullmanlaw.com

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Alexander C. Landin*
Alexander C. Landin