**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**MERCEDES SANDOVAL and**
**JONATHAN EMERSON**,                    Case 4:24-cv-137-RBS-LRL
individually, and on behalf of others
similarly situated,

          Plaintiffs,

vs.

**FANEUIL, INC.**, a Virginia Corporation,

          Defendant


## PLAINTIFFS' OPPOSITION TO THE KULLMAN FIRM'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT FANEUIL, INC.

## I.    INTROCUTION

Initially, the Motion to Withdraw (the "Motion") was presented to Plaintiffs' Counsel as a dispute between Defense Counsel and Defendant over outstanding legal bills and a refusal to honor the mutually agreed upon alternative dispute resolution process. However, the recent "Supplemental Submission" clarifies that this is instead a calculated tactical maneuver by Defendant, its successor companies, and their corporate representatives to stymie this litigation, evade Defendant's legal obligations (including Orders from this Court), and intentionally cause Plaintiffs' Counsel, Defense Counsel, and the Court to incur unnecessary legal fees.

The present Motion is premature. Moreover, the situation has been exacerbated by the delay in disclosing the true nature of the dispute to Plaintiffs and the Court, withholding information, and even (at times) misleading Plaintiffs' Counsel regarding the situation.

For example, on June 2, 2025, after receiving *dozens* of inquiries from Plaintiffs regarding the outstanding mediation productions, Defense Counsel represented to Plaintiffs that the day after returning from a lengthy vacation to Europe the "relationship partner" (an attorney at the Kullman Firm) had a "pretty bad bicycle accident." *Exhibit 1*. In other words, Defendants informed Plaintiffs that an attorney at the Kullman Firm caused the delays associated with the missed mediation, while affirmatively withholding the information from Plaintiffs that Defense Counsel had not received *any* communication from Defendant between April 9, 2025 and June 16, 2025. *See* Doc. 22 at 4 (emails sent on "April 9, April 21, and on May 7" and "on June 6, still not having received a response" and "[o]n June 16, Mr. Hall finally responded."). Notably, there is no mention of the vacation or serious bicycle accident in the record by Defense Counsel, underscoring that Plaintiffs were left in the dark for months. In fact, it was not until the Motion to Withdraw that Plaintiffs learned of the lack of communication between Defendant and Defense Counsel, and not

until the Supplemental Submission that Plaintiffs learned Defense Counsel has been dealing with representatives from Defendant's parent companies.

As it turns out, this litigation is being controlled by Skyview Capital, LLC ("Skyview") and Continuum Global Solutions, LLC ("Continuum"). As explained herein, those companies are clearly trying to carry out an empty-chair defense using the now inactive Faneuil, Inc. as the fall company. This is a material fact that should have been disclosed to Plaintiffs long ago.

In any case, as the Court pointed out, Defendant needs representation in this matter. Dismissing Defense Counsel at this stage complicates the situation, and there are far better solutions that should be explored *before* the Motion is decided. At this time, Defense Counsel should be ordered to stay in the case and serve copies of all filed papers on Defendant.

First, Plaintiffs will amend the Complaint to add successor liability and joint employment claims against Continuum and Skyview.[1] Plaintiffs' Counsel conferred with Defense Counsel on this proposal, who indicated they are obviously not able to oppose this request, because their client is currently not speaking to them. However, the filing and service of an amended complaint on Continuum and Skyview will likely result in new counsel for Defendant.

Second, as explained herein, this Court has personal jurisdiction over attorney James Hall who has misled Defense Counsel, Plaintiffs' Counsel, and the Court in the timely and efficient resolution of this litigation. A show-cause order can and should be issued for his appearance to explain the situation. Again, Defense Counsel is not able to oppose this request either.

Third, as stated above, Defense Counsel should not be permitted to withdraw until new counsel for Defendant appears. Respectfully, any opposition to this request is unreasonable given

---

[1] The statutory definition of "employer" under the FLSA is expansive and includes individuals who act directly or indirectly in the interest of an employer in relation to an employee. *See* 29 U.S.C. § 203. Discovery may reveal that additional individuals are appropriate as defendants.

the record, and particularly the delay in bringing this matter to Plaintiffs and the Court. In the interim, Defense Counsel should simply serve all papers on Defendant so this case can proceed.

For the reasons explained herein, Plaintiffs respectfully request that the Court *deny* Defense Counsel's Motion *without prejudice*.

## II.       FACTS AND CASE BACKGROUND

In September 2023, Continuum and Skyview acquired Faneuil. *Exhibit 2*, Press Releases. Interestingly, the acquisition was not announced on Continuum's website until May 5, 2025, around the time that the present situation developed. *Id*.

Plaintiffs filed the present lawsuit on November 16, 2024. Doc. 1. At that time, Defendant was registered, in good standing, and doing business in Virginia. However, as of January 1, 2025, Defendant entered an "inactive" status. *Exhibit 3*, Virginia SCC Records.

As recently as September 8, 2025, Defendant was actively litigating another employment matter. *See Rodriguez v. Faneuil, Inc.*, Case No. 24-cv-07445 (C.D. Cal. 2024).

On January 7, 2025, Defense Counsel sought an extension to file its responsive pleading to the Complaint. Doc. 4. As a professional courtesy, Plaintiffs did not oppose this request. Notably, and somewhat confusingly, the request stated:

> ***Conduent*** was served with Plaintiffs' Complaint thereby making ***Conduent's*** responsive pleadings due on or before January 8, 2025. ***Conduent*** now requests an additional thirty (30) days from the original deadline, or until February 7, 2025, to file responsive pleadings. Faneuil submits good cause exists for this motion for extension of time as Faneuil is continuing to investigate the Rule 23 class allegations contained in Plaintiff's Complaint.

Doc. 4.

Again, on February 7, 2025, Defense Counsel sought another extension, once again referencing the request as being on behalf of both Conduent and Faneuil. Doc. 10.

As stated above and the Supplemental Submission, Conduent is Faneuil's parent company,

and Skyview is Conduent's parent company. Additionally, as explained in the Supplemental Submission, there is significant overlap amongst the upper management of the companies, with James Hall directing the litigation on behalf of all three companies. Doc. 22 at 7.

As the Court is aware, Plaintiffs' Counsel recently settled another matter with Defendant (Faneuil, Inc.) in 2024, which was pending in front of Judge Walker. Doc. 12. In the 2024 matter, Faneuil was represented by a different law firm (Littler Mendelson, P.C.).

On February 14, 2025, the Parties agreed to stay the litigation and attend mediation. Doc. 13. The first mediation was scheduled for June 18, 2025, to provide the Parties with enough time to engage in the necessary informal discovery to properly assess the strengths and weaknesses of the claims asserted. Doc. 16.

As the Court is now aware, after confirming the mediation plan, Defendant checked out of this case. While the Court is aware of Defense Counsel's persistent efforts to obtain information from Defendant, the Court should also be aware of Plaintiff Counsel's extensive and repeated inquiries with Defense Counsel regarding the same. *See generally*, Exhibit 1. From Plaintiffs' side, they were led to believe that there was no cause for concern. Instead, the repeated failure to produce the requested documents and data for mediation, and the subsequent cancelling and rescheduling of the mediation, was all the result of a series of unlikely and unfortunate events (e.g. an extensive European vacation for the relationship partner to celebrate a graduation and a subsequent serious bicycle accident the day after return from vacation). *Id*. Meanwhile, as the record now reflects, what was really happening is that the Defendant had abandoned this litigation and its attorneys. Additionally, it had moved the "Faneuil" operation to an inactive status and continued the business operations under the "Continuum" name.

On August 7, 2025, Defense Counsel notified Plaintiffs' Counsel that Defendant was behind on its legal bills and had stopped responding to Defense Counsel's communications. Defense Counsel's engagement with Continuum and Skyview, rather than Defendant, was not disclosed. Plaintiffs understood the conversation to be that there was a breakdown in the relationship between Defense Counsel and Defendant, not that Defendant was trying to skip town.

## III. ARGUMENT

### A. Plaintiffs Should Be Granted Leave to Amend to Add Skyview and Continuum as Defendants to this Lawsuit.

Successor liability is appropriate under the FLSA. *See Carrillo v. Borges Constr., LLC*, No. GJH-13-641, 2016 WL 5716186, at *5 (D. Md. Sept. 30, 2016) (holding "this court finds that successor liability is appropriate under the FLSA."); *Gaske v. Crabcake Factory Seafood House, LLC*, No. 1:18-CV-02630-JMC, 2023 WL 3304889, at *2 (D. Md. May 8, 2023) (same); *Jahagirdar v. Computer Haus NC, Inc.*, No. 1:20-CV-33-MOC-WCM, 2022 WL 820941, at *6 (W.D.N.C. Mar. 17, 2022) (holding "successor liability is available under the FLSA"). *See also Steinbach v. Hubbard,* 51 F.3d 843, 845 (9th Cir. 1995)("we conclude that successorship liability exists under the FLSA")*; Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 766 (7th Cir. 2013) ("We suggest that successor liability is appropriate in suits to enforce federal labor or employment laws"). This trend has also been noted within this district.")

Indeed, successor liability is appropriate where, as is the case here, "there is continuity between the operations and work force of the predecessor and the successor." *Carrillo* at *5, citing *Teed* 711 F.3d at 766. As outlined in the attached press releases, Skyview and Continuum's acquisition of Faneuil is "merely a continuation or reincarnation of the transferor corporations" *Id*. Accordingly, Plaintiffs should be permitted to add Skyview and Continuum as defendants.

Additionally, the FLSA provides that an employee may have more than one employer, and that a joint employment relationship may be appropriate, where the companies have "shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer. *Salinas v. Com. Interiors, Inc.*, 848 F.3d 125, 141 (4th Cir. 2017). Plaintiffs should be granted leave to amend the Complaint to add Skyview and Continuum as joint employers and/or under an alter ego theory.

**B. The Court Has Personal Jurisdiction Over Attorney James "Jim" Hall.**

Plaintiffs, Plaintiffs' Counsel, Defense Counsel, and the Court have all been required to unnecessarily expend time and incur attorney fees due to James Hall's decision to disregard this lawsuit. He is the corporate representative for Faneuil, retained Defense Counsel to represent the company in this litigation, and participated in the litigation. This Court has personal jurisdiction over Defendant, and therefore over attorney James Hall, to issue a show cause order requiring him to appear for a hearing to explain himself.

In *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court stated that a defendant's contact with a forum state must be "purposeful" in order to support personal jurisdiction. Additionally, "the fiduciary shield doctrine is not available where the forum state's long-arm statute is coextensive with the full reach of due process." *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 525 (4th Cir. 1987) (*internal quotation omitted*).

Whereas "[g]eneral actions by such persons on behalf of the corporation will not generally subject them to an out-of-state court's jurisdiction, [ ] actions related to the events in question may do so." *AARP v. Am. Fam. Prepaid Legal Corp.*, 604 F. Supp. 2d 785, 799 (M.D.N.C. 2009), citing *Mkt. Am. v. Optihealth Prods., Inc.*, No. 1:07CV00855, 2008 WL 5069802, at *8 (M.D.N.C. Nov.

21, 2008). "[E]ven actions taken wholly out of state may not shield a corporate director from a state's long arm statute when directly connected to the issues of a lawsuit." *Mkt. Am.*, at \*8, *citing Pittsburgh Terminal Corp.*, *supra*.; *Springs Industries, Inc. v. Gasson,* 923 F.Supp. 823 (D.S.C.1996) (collecting cases).

In this case, James Hall "was aware of the corporate activity and collaborated in it very directly and personally." *Id*. He knowingly retained a law firm comprised of a Virginia licensed attorney (Alexander C. Landin) to represent Defendant in a lawsuit pending the Eastern District of Virginia, against the Virginia headquartered Defendant he represents. Additionally, he consulted and directed the filing of documents in this case and has otherwise already substantively and significantly participated in this litigation. There can be no credible argument that he has not purposely availed himself to this Court's jurisdiction through those actions, nor can it be argued that asking him to appear would "otherwise offend fair play and substantial justice." *Burger King Corp*. at 463. *See also*, *D'Addario v. Geller*, 264 F. Supp. 2d 367, 381 (E.D. Va. 2003) (holding "a defendant is not immune from jurisdiction in Virginia merely because her contacts with the Commonwealth were made ostensibly on behalf of the corporation. Therefore, the court's exercise of jurisdiction was proper if the defendant had sufficient contacts with Virginia, even if those contacts were made ostensibly on behalf of the corporation.").

**C. Defense Counsel Should *Not* Be Permitted to Withdraw Until New Counsel for Defendant Appears or Judgment Against Defendant is Entered.**

Plaintiffs' Counsel has some, albeit limited, sympathy for Defense Counsel that Defendant's conduct in this litigation has caused it to go unpaid since the start of the case. However, Plaintiffs' Counsel has likewise not been paid (and continues to work on a contingency basis). Fortunately, because Defense Counsel is unable to file a responsive pleading without reconnecting with Defendant, Plaintiffs will be moving for a default judgment in short order.

Defense Counsel should be required to remain in the case until a new attorney appears on behalf of Defendant or a judgment is entered against Defendant. This is a fair request given the fact that the transition of Defendant's operations was concealed from Plaintiffs for this long. The fact that a company is a subsidiary of another company is obviously not notice that the company is transitioning its operations and assets to a company with a different name and in a different state.

Under these circumstances, the Court should deny the Motion to withdraw without prejudice and order Defense Counsel to remain in the case as counsel of record and serve copies of papers on Defendant. *See Sydell v. LifeMed USA, Inc.*, No. 1:16CV1143, 2017 WL 4862786, at *2 (M.D.N.C. Oct. 27, 2017) (holding corporate "counsel shall remain in the case for the limited purpose of receiving service of papers (which counsel must then forward to Corporate Defendants), unless/until new counsel appears on behalf of Corporate Defendants.").

Plaintiffs fully expect that after an amended complaint is filed and served on Skyview and Continuum, new counsel for Defendant will surface. If not, then a default judgment will be entered against Defendant.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny Defense Counsel's Motion without prejudice. Defense Counsel should be ordered to remain in the case and serve copies of all papers on Defendant until new counsel appears or a judgment is entered against Defendant.

Respectfully submitted, this 29th day of August 2025,

**THE ERLICH LAW OFFICE**

**_s/ Joshua Erlich_**
Joshua Erlich, Esquire
(VA Bar No. 90394)
1550 Wilson Blvd #700

9

Arlington, Virginia
**Phone:** (703) 791-9087
jerlich@erlichlawoffice.com

**ASH LAW, PLLC**
Charles R. Ash, IV (P73877) (*Admitted*)
43000 W 9 Mile Rd, Ste. 301 PMB 2113
Novi, MI 48375
Phone: (734) 234-5583
cash@nationalwagelaw.com

**RODRIGUEZ LAW PLC**
Oscar Rodriguez (P73413) (*Admitted*)
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 355-5666
oscar@orodlaw.com

# EXHIBIT 1

**From:** Charles Ash
**To:** Nicole Seale Adler; Benjamin P. Kahn; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension
**Date:** Monday, June 2, 2025 12:17:00 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png

Thanks for the update, Nicole. I'm sorry to hear about your partner and hope he has a quick recovery.

Given the fact that the case has been stayed since February, we plan to file a status report with the Court on Friday (hopefully advising it of the new mediation date). Unless something has changed on your end regarding using Dennis Clifford, it looks like he has the following dates available in July: 1, 2, 3, 7, 8, 9, 17, 29.

Best,
Charles

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

**From:** Nicole Seale Adler <nsa@kullmanlaw.com>
**Sent:** Monday, June 2, 2025 10:52 AM
**To:** Charles Ash <cash@nationalwagelaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

HI Charles,

My apologies again for the delay. As you know, I was waiting for the relationship partner to return from vacation. Unfortunately, the day after he returned, he had a pretty bad bicycle accident. I'm trying to loop up with him this week, but it's a bit of a moving target with recovery/doctor appointments. As soon as I loop up with him, I'll check his availability with the proposed mediators, as well as my clients and get back to you. If we need to discuss, just let me know.

Warmest Regards,

A.Nicole Adler, Esq.
Direct Dial: 504-596-4157
nsa@KullmanLaw.com

**Kullman**
Next-Level Labor & Employment Lawyers

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Wednesday, May 28, 2025 2:49 PM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

**\*\*\* EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. \*\*\***

Nicole, following up on this again. Have you been able to connect with your client regarding a new date for mediation?

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

**From:** Charles Ash
**Sent:** Thursday, May 22, 2025 10:12 AM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Sure, that works. I'll call you then.

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

**From:** Nicole Seale Adler <nsa@kullmanlaw.com>
**Sent:** Thursday, May 22, 2025 9:58 AM
**To:** Charles Ash <cash@nationalwagelaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

Are available at 9:30 CT?

A.Nicole Adler, Esq.
Direct Dial: 504-596-4157
nsa@KullmanLaw.com

**Kullman**
Next-Level Labor & Employment Lawyers

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Thursday, May 22, 2025 8:43 AM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

**\*\*\* EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. \*\*\***

Good morning, Nicole. Following up on this again. Please advise of Defendant's new proposed mediation dates or, if needed, a time for a phone call today. Thanks.

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

**From:** Charles Ash
**Sent:** Wednesday, May 21, 2025 12:33 PM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

That works. I'm available any time tomorrow morning. Alternatively, I believe Dennis's calendar is on his website, so you could simply send us your proposed dates.

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

**From:** Nicole Seale Adler <nsa@kullmanlaw.com>
**Sent:** Wednesday, May 21, 2025 12:13 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Charles,

Do you have availability tomorrow?

A.Nicole Adler, Esq.
Direct Dial: 504-596-4157
nsa@KullmanLaw.com

**Kullman**
Next-Level Labor & Employment Lawyers

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Wednesday, May 21, 2025 10:13 AM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

*** EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. ***

Nicole/Ben,

Just left you both voicemails. It's been over a week, and we have not heard anything from you. If we cannot reconnect soon, we're going to need to request a status conference.

Look forward to connecting with you soon.

Charles

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Charles Ash
**Sent:** Tuesday, May 20, 2025 3:12 PM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Nicole/Ben, following up on this. Please send us your proposed dates to reschedule the mediation with Dennis.

Charles

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Charles Ash
**Sent:** Wednesday, May 14, 2025 11:06 AM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Nicole, we are generally available today. What time works for you?

Thanks,
Charles

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Nicole Seale Adler <nsa@kullmanlaw.com>
**Sent:** Tuesday, May 13, 2025 2:53 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Good afternoon Charles,

My apologies, but we will need to reschedule the mediation. I'll reach out to the mediator with notification today. Let's find some time to discuss a new date.

Warmest Regards,

A.Nicole Adler, Esq.
Direct Dial: 504-596-4157
nsa@KullmanLaw.com

**Kullman**
Next-Level Labor & Employment Lawyers

---

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Monday, April 21, 2025 5:55 PM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

*** EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. ***

Sure.

In excel format, we need to be able to identify the following data points: hourly rates, hours worked, bonuses received, number of work weeks, and number of overtime weeks, and the state the employee worked in. Similar to what was produced in the McCune case (see below).

| Anonymous ID | Date Hired | Date Re-Hired | Date Terminated | State | Week Ending Date | Days Worked | Hours Worked | Hourly Rate | Bonuses and Incentives Earned |
|---|---|---|---|---|---|---|---|---|---|
| 1234 | 9/25/2020 | | 8/27/2021 | FL | 10/3/2020 | 4 | 39.25 | $14.89 | $0.00 |
| 1234 | 9/25/2020 | | 8/27/2021 | FL | 10/10/2020 | 5 | 50.38 | $14.89 | $0.00 |

In addition to the data, we need the applicable training materials, performance metrics, employment policies (attendance, overtime, schedule adherence, etc.), and the employee files for the Named Plaintiffs.

Do you anticipate you can get this to us by the end of the month?

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Nicole Seale Adler <nsa@kullmanlaw.com>
**Sent:** Monday, April 21, 2025 5:05 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

Could you please remind me the exact data production you would like prior to mediation?

Warmest Regards,

A.Nicole Adler, Esq.
Direct Dial: 504-596-4157
nsa@KullmanLaw.com

**Kullman**
Next-Level Labor & Employment Lawyers

---

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Monday, April 21, 2025 2:37 PM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; Nicole Seale Adler <nsa@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

*** EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. ***

Ben, just checking in with you regarding the mediation document and data production. Do you expect to have that to us by the end of the month?

Thanks,
Charles

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Benjamin P. Kahn <bpk@kullmanlaw.com>
**Sent:** Monday, March 10, 2025 3:11 PM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Charles Ash <cash@nationalwagelaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

Please see attached.  Let me know if ok to sign for you and file.

Thanks,
Ben

**From:** Nicole Seale Adler <nsa@kullmanlaw.com>
**Sent:** Monday, March 10, 2025 2:08 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Thanks, Charles.  We actually had a status report prepared.  Ben can send it over to you to approve and file.

A.Nicole Adler, Esq.
Direct Dial: 504-596-4157
nsa@KullmanLaw.com



**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Monday, March 10, 2025 2:06 PM
**To:** Nicole Seale Adler <nsa@kullmanlaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

<span style="color:red">\*\*\* EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. \*\*\*</span>

Hi, Nicole. Thanks for the information. I went ahead and locked in 6/18 at 9AM EST on his online calendar. You should be receiving an email shortly. We'll put together a supplemental status report to confirm that date with the Court by tomorrow's deadline.

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

**From:** Nicole Seale Adler <nsa@kullmanlaw.com>
**Sent:** Monday, March 10, 2025 11:22 AM
**To:** Charles Ash <cash@nationalwagelaw.com>; Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

We are available for mediation on June 17, 18, or 19.  All these dates are open on the mediator's website.  Do any of these work for you?

Warmest Regards,

A.Nicole Adler, Esq.
Direct Dial: 504-596-4157
nsa@KullmanLaw.com

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Thursday, February 27, 2025 8:40 AM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; oscar@orodlaw.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

<span style="color:red">\*\*\* EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. \*\*\*</span>

Morning, Ben. Looks like Judge Beach wants to keep the case. Have you had a chance to take a look at Dennis's calendar with your client for a mediation date? I've included a link below. We will need the relevant mediation documents and data at least 30 days prior to the mediation.

https://www.cliffordemploymentlaw.com/mediation/

**Charles Ash**
National Wage and Hour Law
Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 | Novi, MI 48375
https://www.nationalwagelaw.com

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Friday, February 14, 2025 4:39 PM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** Re: Sandoval v. Faneuil - confirmation of extension

Sounds good, thank you.

Get Outlook for iOS

**From:** Benjamin P. Kahn <bpk@kullmanlaw.com>
**Sent:** Friday, February 14, 2025 2:24:17 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; orod@hooperhathaway.com <orod@hooperhathaway.com>; jerlich@erlichlawoffice.com <jerlich@erlichlawoffice.com>
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

I will go ahead and get the motion to transfer on file and then we can wait a bit before filing the motion to stay.

Thanks,
Ben

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Friday, February 14, 2025 1:13 PM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** Re: Sandoval v. Faneuil - confirmation of extension

<span style="color:red">\*\*\* EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. \*\*\*</span>

These look good to me. You can file or we can later.

Get Outlook for iOS

**From:** Benjamin P. Kahn <bpk@kullmanlaw.com>
**Sent:** Friday, February 14, 2025 12:54:33 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; orod@hooperhathaway.com <orod@hooperhathaway.com>; jerlich@erlichlawoffice.com <jerlich@erlichlawoffice.com>
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

Please see the attached.

Thanks,
Ben

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Friday, February 14, 2025 11:35 AM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** Re: Sandoval v. Faneuil - confirmation of extension

<span style="color:red">\*\*\* EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. \*\*\*</span>

We can get something together, but it's not going to be until late afternoon/evening.

Get Outlook for iOS

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Friday, February 14, 2025 12:27:35 PM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; orod@hooperhathaway.com <orod@hooperhathaway.com>; jerlich@erlichlawoffice.com <jerlich@erlichlawoffice.com>
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** Re: Sandoval v. Faneuil - confirmation of extension

Ben, I am not in the office. Do you have a short motion to transfer to accompany this?

Get Outlook for iOS

**From:** Benjamin P. Kahn <bpk@kullmanlaw.com>
**Sent:** Friday, February 14, 2025 10:09:21 AM
**To:** Charles Ash <cash@nationalwagelaw.com>; orod@hooperhathaway.com <orod@hooperhathaway.com>; jerlich@erlichlawoffice.com <jerlich@erlichlawoffice.com>
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

We agree to transferring the case to Judge Walker prior to staying the deadlines to mediate. Attached is a revised motion regarding stay, with the edits we discuss included, and putting the tolling date at 2/7.

Thanks,
Ben

---

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Friday, February 7, 2025 1:51 PM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

*** EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. ***

Sounds good, Ben. That all makes sense to me.

**Charles Ash**
National Wage and Hour Law, Attorney



Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 PMB 2113 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Benjamin P. Kahn <bpk@kullmanlaw.com>
**Sent:** Friday, February 7, 2025 2:40 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

We are still waiting on a decision from our client on whether to transfer to Judge Walker. As we discussed, if we requested to stay prior to transferring, it might preclude transferring the case later. As such, would you be amenable to a one-week extension to file responsive pleadings – until February 14th? This would give us the opportunity to have a few days between filing the motion to transfer and the motion to stay.

I can also confirm that we have no issue putting the tolling language in the order itself (and it can be tolled as of today, regardless of actual filing date).

Thanks,
Ben

---

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Wednesday, February 5, 2025 11:26 AM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

*** EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. ***

Ben, I am attaching a revised version of the Joint Motion to Stay to this email. We would like to provide a bit more structure to the plan for the Court, which you will see in the attached. Additionally, to avoid any prejudice to the putative FLSA collective's claims, the FLSA SOL should be tolled until the mediation. This is something we did in *McCune* as well.

On a related note, before we file this, I think we should also file a joint motion to transfer this case to Judge Walker's docket. He is obviously familiar with the claims being asserted, but assuming we can reach an agreement at mediation, he approved our last settlement without any issues. I suspect Faneuil will be interested in another exploring another claims-made settlement. If so, it is best that we have this case in front of Judge Walker. I would be happy to prepare this motion to transfer today.

In other words, the plan would be to file the motion to transfer, then immediately thereafter file the motion to stay. Judge Smith should immediately transfer the case to Walker, then he can enter the stay.

Let me know if you want to jump on a call to discuss.

Charles

**Charles Ash**
National Wage and Hour Law, Attorney



Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 PMB 2113 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Benjamin P. Kahn <bpk@kullmanlaw.com>
**Sent:** Tuesday, February 4, 2025 5:31 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

Hi Charles,

I hope this finds you well. We have conferred with our client, who is interested in mediating the case with the same mediator as the *McCune* case. Attached for your review is a draft joint motion staying deadlines pending mediation.

Thanks,
Ben

**Benjamin P. Kahn**
THE KULLMAN FIRM
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163-1600
T: 504-524-4162 | D: 504-596-4179
C: 404-861-4224 | F: 504-598-0004
BPK@kullmanlaw.com
www.KullmanLaw.com



This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save this communication or its attachments. If you have received this communication in error, please notify bpk@kullmanlaw.com immediately, and please delete this communication.

---

**From:** Charles Ash <cash@nationalwagelaw.com>
**Sent:** Tuesday, January 14, 2025 4:03 PM
**To:** Benjamin P. Kahn <bpk@kullmanlaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>
**Subject:** RE: Sandoval v. Faneuil - confirmation of extension

*** EXTERNAL EMAIL: Exercise caution before clicking on links or opening attachments. ***

Ben, circling back on our call from last week. I also enjoyed speaking with you and look forward to working with you and your team on this case.

As I mentioned on our call, this case involves individuals that were excluded from the *McCune* settlement. As you get familiar with the facts, let us know whether Faneuil is interested in resubmitting this case to mediation with Dennis Clifford (or another mediator). If so, we'd be amenable to staying your responsive deadline until after the mediation.

Let us know if you'd like to jump on another call.

Best,
Charles

**Charles Ash**
National Wage and Hour Law, Attorney

Phone: 734-234-5583
43000 W. 9 Mile Rd. | Ste. 301 PMB 2113 | Novi, MI 48375
https://www.nationalwagelaw.com

---

**From:** Benjamin P. Kahn <bpk@kullmanlaw.com>
**Sent:** Monday, January 6, 2025 4:28 PM
**To:** Charles Ash <cash@nationalwagelaw.com>; orod@hooperhathaway.com; jerlich@erlichlawoffice.com
**Cc:** Nicole Seale Adler <nsa@kullmanlaw.com>; Alexander C. Landin <acl@kullmanlaw.com>

**Subject:** Sandoval v. Faneuil - confirmation of extension

Hi Charles,

It was nice to speak with you this afternoon.  We appreciate your agreeing to a 30-day extension for Faneuil to file responsive pleadings.  By our calendar, that puts the deadline on February 7, 2024.  We will file a motion to the court to that effect.

Thanks,
Ben

**Benjamin P. Kahn**
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163-1600
T: 504-524-4162 | D: 504-596-4179
C: 404-861-4224 | F: 504-598-0004
BPK@kullmanlaw.com
www.KullmanLaw.com



This communication is solely for the person to whom it is addressed.  It contains legally privileged and confidential information.  If you are not the intended recipient, you may not forward, disclose, copy, print, or save this communication or its attachments.  If you have received this communication in error, please notify bpk@kullmanlaw.com immediately, and please delete this communication.

# EXHIBIT 2




(https://www.continuumgbl.com)

# Continuum Global Solutions Expands Industry Portfolio with Acquisition of Faneuil, Inc.

May 5, 2025

**September 12, 2023** –**Continuum Global Solutions,** a global leader in the BPO industry and digital customer experience transformation (CX), is pleased to announce the acquisition of Faneuil, Inc, a business process outsourcing company specializing in Public Utilities, Government and Healthcare services. The acquisition of Faneuil adds to Continuum's growing industry vertical portfolio including Healthcare, Media & Telecom, and Public Sector.

As a result of this transaction, Michael Stann, Faneuil's COO, will remain with the business and will report to Michael Flodin, CEO of Continuum Global Solutions.

"The acquisition of Faneuil is another key step in our growth agenda," says Michael Flodin, CEO of Continuum Global Solutions. "Faneuil's experienced management team and focus on delivering exceptional service aligns with our strategy. Keeping the current team in place with the existing long-term clients along with our innovative service technology offerings align perfectly with our future vision of transforming customer experiences."

"We're excited to join Continuum Global Solutions and add to an already robust industry portfolio and tech capabilities," says Michael Stann, COO of Faneuil. "This acquisition will add Utilities as an additional vertical offering along with additional Government and Healthcare clients – and a world-class team of customer service agents and tech support staff."

###

Continuum Global Solutions partners with top companies around the world to deliver customer care services through its global network of contact centers. Our global Fortune 500 clients rely on our vast expertise in customer care management to improve their customers' experience.

Continuum customer care and call center solutions leverage world-class voice, chat, email, and social technologies. More than 15,000 employees serve top-tier clients across multiple industry verticals.

**MEDIA CONTACT**

Rosalyn Russell
Director, Corporate Communications
Rosalyn.Russell@continuumgbl.com

# Share this post

  

(https://www.continuumgbl.com/how-an-c-to-further-enhance-customer-experience/)



3824 Cedar Springs Road, #801-1678
Dallas, TX 75219

 [(https://www.linkedin.com/company/continuum-global-solutions/)](https://www.linkedin.com/company/continuum-global-solutions/)

 [(https://www.facebook.com/continuumgbl#)](https://www.facebook.com/continuumgbl#)

[(https://www.continuumgbl.com)](https://www.continuumgbl.com)

Copyright ©2025 Continuum Global Solutions, LLC. All Rights Reserved.

Privacy Policy (/privacy-policy/)  |  Terms & Conditions (https://www.continuumgbl.com/wp-content/uploads/2025/05/General-Terms-of-Purchase.pdf)

# Skyview Capital Acquires Faneuil, LLC Through its Portfolio Company Continuum Global Solutions

NEWS PROVIDED BY

**Skyview Capital** ➞

Sep 12, 2023, 13:18 ET

LOS ANGELES, Sept. 12, 2023 /PRNewswire/ -- Skyview Capital, a global private investment firm, announced that it has acquired Faneuil, LLC, a leading business process outsourcing ("BPO") company specializing in customer experience and technical support services for Public Utilities, Government and Healthcare clients, through its portfolio company Continuum Global Solutions. Terms were not disclosed.

The strategic acquisition of Faneuil bolsters Continuum's expansion strategy and strengthens its position as a global leader in the BPO industry. Faneuil has a strong track record in delivering BPO solutions across a range of industries and shares Continuum's commitment to service quality, operational excellence, and technological innovation.

As part of the acquisition, Continuum has been working closely with Faneuil's leadership team and employees to ensure a smooth transition and integration process to realize synergies and continue the growth process for the combined company.

"The acquisition of Faneuil is another key step in our growth agenda," says Michael Flodin, CEO of Continuum Global Solutions. "Faneuil's experienced management team and focus on delivering exceptional service aligns with our strategy. Keeping the current team in place with the existing long-term clients, along with our innovative service technology offerings, align perfectly with our future vision of transforming customer experiences."

Skyview has been the owner and financial sponsor of Continuum Global Solutions since 2019 and has supported the company's various growth initiatives through strategic acquisitions and operational transformation. "We are very pleased to support Continuum's acquisition of Faneuil," said Naeem Arastu, Managing Director at Skyview. "This acquisition is a testament to Continuum's strong track record of growth and innovation."

**About Skyview Capital, LLC**

Skyview Capital is a global private investment firm which specializes in the acquisition and management of mission critical enterprises in the areas of technology, telecommunications, business services and manufacturing. For more information, please visit **www.skyviewcapital.com**.

**About Continuum Global Solutions, LLC**

Continuum Global Solutions partners with top companies around the world to deliver customer care services through its global network of contact centers. Continuum serves global Fortune 500 clients that rely on its vast expertise in customer care management to improve their customers' experience. Continuum customer care and call center solutions leverage world-class voice, chat, email, and social technologies. More than 13,000 employees serve top-tier clients across multiple industry verticals. Additional information on Continuum can be found on its website, **www.continuumgbl.com**.

Media Contact:

Skyview Capital LLC

Jeff White

Managing Director, Business Development

**jwhite@skyviewcapital.com**

310-273-6000

SOURCE Skyview Capital

WANT YOUR COMPANY'S NEWS

# FEATURED ON PRNEWSWIRE.COM?

## GET STARTED

**440k+**
Newsrooms &
Influencers

**9k+**
Digital Media
Outlets

**270k+**
Journalists
Opted In

# EXHIBIT 3

# State Corporation Commission
# Clerk's Information System

## Entity Information

### Entity Information

| | | | |
|---|---|---|---|
| Entity Name: | Faneuil, Inc. | Entity ID: | F1803867 |
| Entity Type: | Stock Corporation | Entity Status: | **Inactive** |
| Series LLC: | N/A | Reason for Status: | Automatically Revoked - Annual Report and/or Fees - Can Reinstate |
| Formation Date: | N/A | Status Date: | 01/31/2025 |
| VA Qualification Date: | 09/25/2009 | Period of Duration: | Perpetual |
| Industry Code: | 0 - General | Annual Report Due Date: | 09/30/2024 |
| Jurisdiction: | DE | Charter Fee: | $3950.00 |
| Registration Fee Due Date: | 09/30/2024 | | |

### Registered Agent Information

| | | | |
|---|---|---|---|
| RA Type: | Entity | Locality: | RICHMOND CITY |
| RA Qualification: | BUSINESS ENTITY THAT IS AUTHORIZED TO TRANSACT BUSINESS IN VIRGINIA | | |
| Name: | CORPORATION SERVICE COMPANY | Registered Office Address: | 100 Shockoe Slip Fl 2, Richmond, VA, 23219 - 4100, USA |

Privacy Policy  |  Contact Us

State Corporation Commission
Clerk's Information System

3979, USA

## Principal Information

| Title | Director | Name | Address | Last Updated |
|---|---|---|---|---|
| Secretary | No | Brian Hartman | 2 Eaton St Ste 1002, Hampton, VA, 23669 - 3979, USA | 09/12/2022 |
| | Yes | Jess M Ravich | 2 Eaton St Ste 1002, Hampton, VA, 23669 - 3979, USA | 09/21/2021 |
| Chief Financial Officer | No | Joyce Ritzert | 2 Eaton St Ste 1002, Hampton, VA, 23669 - 3979, USA | 09/12/2022 |

## Current Shares

Total Shares: 1000000

Filing History          RA History          Name History          Previous Registrations

Garnishment Designees          Image Request

Back     Return to Search     Return to Results

Back to Login

Privacy Policy     |     Contact Us

# State Corporation Commission
# Clerk's Information System