## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

**MERCEDES SANDOVAL and
JONATHAN EMERSON**,
individually, and on behalf of others
similarly situated,

Case 4:24-cv-137-RBS-LRL

Plaintiffs,

vs.

**FANEUIL, INC.**, a Virginia Corporation,

Defendant

## THE KULLMAN FIRM'S RESPONSE TO PLAINTIFFS' OPPOSITION TO ITS MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT FANEUIL, INC.

Alexander C. Landin and The Kullman Firm (collectively "The Kullman Firm") file this response to Plaintiffs' Opposition to The Kullman Firm's Motion to Withdraw as Counsel of Record for Defendant Faneuil, Inc. ("the Opposition") (ECF 33).

**A. The Kullman Firm Cannot Respond to the Portion of the Opposition Directed Towards Defendant or its In-House Counsel.**

Notably, much of Plaintiff's Opposition is not directed at The Kullman Firm, but rather at Defendant Faneuil, Inc. and its in-house counsel, James Hall, both of whom have ceased communicating with The Kullman Firm for some time now. As such, The Kullman Firm cannot respond to majority of these allegations or the related requested relief, for instance, Plaintiffs' request for this Court to issue a rule to show cause to Mr. Hall.

1

However, as to Plaintiffs' suggestion that The Kullman Firm be kept in this case solely to email documents to Defendant, such a role seems superfluous and unnecessary. If the Court grants The Kullman Firm's motion to withdraw, Plaintiffs can send any correspondence or filings directly to Mr. Hall, Skyview's Capital's corporate counsel and Defendant Faneuil, Inc's de facto in-house counsel.

Regarding the remainder of the Opposition, The Kullman Firm files this response to address Plaintiffs' implications that it somehow misled them, which is not true.

**B. The Kullman Firm Did Not Blame Its Inability to Produce Data for Mediation on the Relationship Partner's Pre-Planned Vacation or Subsequent Injury and Any Implication to the Contrary is Misleading.**

The first mediation was scheduled for June 18, 2025. Plaintiffs requested the data for that mediation to be produced by the end of April. As noted in its previous briefing, The Kullman Firm repeatedly requested that data from Defendant but never received it. Because it did not have the required data for Plaintiffs, on May 13, 2025, The Kullman Firm informed Plaintiffs that it needed to reschedule the June 18, 2025 mediation (ECF 33 at 13).

When rescheduling the June 18 mediation, The Kullman Firm needed to take into consideration the schedule of the partner in charge of The Kullman Firm's overall representation of Defendant and its parent company Continuum (the "relationship partner").[1] The relationship partner was in a bicycle crash on the morning of Tuesday, May 27, and, after sustaining a concussion amongst other injuries, the relationship partner did not return to the office (and then only for some of each day) until the following week starting on June 2. Incidentally, on the day after the crash (Wednesday, May 28), Plaintiffs' counsel e-mailed Ms. Adler to follow up on

---

[1] The mediation was initially scheduled for June 18, in part, because the relationship partner was on vacation for much of late May and The Kullman Firm needed time to obtain and analyze the requested data prior to mediation.

rescheduling mediation.  The following Monday (June 2) – the day the relationship partner returned to work – is when Ms. Adler emailed Plaintiffs' attorney about the bicycle accident and wrote that "I'm trying to loop up with [the relationship partner] this week, but it's a bit of a moving target with recovery/doctor appointments." (ECF 33 at 12).  Despite Plaintiffs' speculation, there was nothing insincere or untrue about these communications.  Soon afterwards, Defendant confirmed its availability for a second mediation date to The Kullman Firm, and the history from that point forward has been thoroughly briefed.

Despite what Plaintiffs complain about in their Opposition, at no point did The Kullman Firm represent to Plaintiffs that Defendant's failure to produce the data for mediation had anything to do with the relationship partner's vacation or his injury.

### C. Plaintiffs' Ignorance Regarding Defendant's Corporate Status or Structure Is the Result of Their Failure to Perform Their Own Due Diligence.

Plaintiffs blame The Kullman Firm for somehow misleading them about Defendant's corporate status or its corporate relationship with Continuum or Skyview.  This blame is misplaced for two reasons.

First, the Kullman Firm never misled Plaintiffs about or hid Defendant's now inactive corporate status in Virginia or its corporate relationship with Continuum or Skyview. Until Plaintiff's counsel brought it to their attention, The Kullman Firm was unaware that Faneuil was no longer registered to do business in Virginia as of January 1, 2025.  While Plaintiffs mention in their Opposition that Faneuil is actively defending against another employment matter in federal court in California, *Rodriguez v. Fanueil Inc.* (Opposition at 4), The Kullman Firm has never been involved with and does not represent Faneuil, Inc. in that matter.  As such, the Kullman Firm fails to see the relevance of this fact.

Second, Plaintiffs' ignorance of Defendant's corporate status, and more importantly, its corporate relationship with Continuum or Skyview can be attributed to none other than Plaintiffs' simple failure to perform their own basic due diligence when suing a corporate entity. As Plaintiffs demonstrated with their attachments, these facts are readily available by a Google search of "Faneuil" (*see e.g.* ECF 33 at 18-23). In fact, in the Complaint, Plaintiffs cite to Faneuil.com (ECF 1 at 2, n.1), which – per the Internet Archive[2] – included the phrase "A Continuum Global Solutions company" in Defendant's <u>logo</u>. As such, The Kullman Firm takes issue with Plaintiffs' misguided attempt to play the blame game.

In conclusion, because The Kullman Firm did not mislead Plaintiffs and because good cause exists (*see* ECF 20), the Court should grant The Kullman Firm's Motion to Withdraw, and not require The Kullman Firm to remain in this action to simply act as an intermediary to Defendant to whom The Kullman Firm is now adverse and with whom The Kullman Firm is no longer in communication.

Respectfully submitted,

*/s/ Alexander C. Landin*
Alexander C. Landin (Bar No. 99200)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: acl@kullmanlaw.com
***Attorney for Defendant***

---

[2] The logo is unchanged from the Internet Archive's captures in September and December 2024, which span encompasses the date Plaintiffs stated they visited the website.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which sent notification of such filing to all counsel of record.


<em>/s/ Alexander C. Landin</em><br>Alexander C. Landin