# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

**JONATHAN EMERSON,** individually, and
on behalf of others similarly situated,

Civil Action File No.
4:24-cv-137-RBS-LRL

        Plaintiffs,

vs.

**FANEUIL, INC.**, formerly a Virginia
Corporation, **SKYVIEW CAPITAL GROUP
MANAGEMENT, LLC**, a Delaware Limited
Liability Company, **SKYVIEW CAPITAL,
LLC**, a Delaware Limited Liability Company,
and **CONTINUUM GLOBAL SOLUTIONS,
LLC**, a Texas Limited Liability Company,

        Defendants.

---

## PLAINTIFF'S OPPOSITION TO FANEUIL, INC.'S MOTION TO SET ASIDE DEFAULT AS TO FANEUIL, INC. AND MOTION FOR LEAVE TO FILE ANSWER TO FIRST AMENEDED COMPLAINT

## I.     INTRODUCTION

Forty-nine (49) days after its responsive pleading was due under an unambiguous Court order (Doc. 37), Defendant Faneuil Inc. ("Faneuil" or "Defendant"), who is represented by counsel in this matter, has moved to set aside the entry of default against it. *See* Doc. 47 (the "Motion").

The first argument raised by Faneuil's attorneys in the Motion is that it did not know that it was required to file a responsive pleading to the First Amended Complaint ("FAC"). However, Fed. R. Civ. P. 15(a)(3) clearly states under the heading "Time to Respond" that a "response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Respectfully, Defense Counsel must be aware of this fact. Nevertheless, in addition to the well-known rule of civil procedure, Defendant ignored the Court's order which provided the following instruction:

> **Defendant Faneuil shall have twenty-one (21) days from the filing of the First Amended Complaint by the Clerk to file a responsive pleading.**

Doc. 37, Order Granting Leave to File FAC.

Perhaps even more confusing, is that the Motion openly argues that "[t]he Kullman Firm has been provided with no facts to answer the First Amended Complaint (or the Complaint) … and has been given absolutely no direction by its absent and non-communicative client as to how to proceed in this case." Doc. 48 at 2. According to the Motion, Defense Counsel has "no facts" to Answer the FAC, has been provided with "no direction," and otherwise lacks client approval to take any action. In other words, under the existing circumstances, defaulting Faneuil is entirely the appropriate and necessary remedy. Faneuil (and its corporate representatives) have disregarded this Court's orders and otherwise completely disregarded their legal obligations in this litigation.

Moreover, Defense Counsel's filing of a responsive pleading where its client provided "no facts to answer the First Amended Complaint (or the Complaint)" is a blatant violation of Fed. R.

Civ. P. 11(b), which provides that "[b]y presenting to the court a pleading … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information." Despite the representations made in the Motion of Defense Counsel having "no facts" and "no direction" as to how to proceed in this litigation, on October 02, 2025, an Answer was filed by Defense Counsel on Defendant's behalf that denied many of Plaintiffs allegations *and* asserted thirty-two (32) affirmative defenses. *See* Doc. 30, Defendant's Answer.

The present Motion is entirely frivolous, and, as explained below, was filed in violation of 28 U.S.C. § 1927. Plaintiff's Counsel should be awarded attorney fees for the time spent preparing this response. Upon further order from the Court denying the Motion, Plaintiff's Counsel will submit a separate fee petition to recover their attorney fees related to the Motion.

For all the reasons set forth herein, the Court must deny Defendant's Motion and award Plaintiff's Counsel reasonable attorney fees related to preparing this Opposition.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on November 16, 2024, asserting claims for unpaid wages. Doc. 1. After the filing of the Complaint, there was a significant delay before an answer was filed because for approximately five (5) months Plaintiffs were led to believe that the case was going to be mediated. Doc. 13; *see also* Doc. 17. However, during this time, unbeknownst to Plaintiff, Faneuil had entirely abandoned its attorneys and this litigation. Doc. 19-20, 22, 48. Nothing has changed in that regard, Faneuil is still absent for more than a year now, but though its vexatious Motion Defense Counsel seeks to prolong the litigation.

In no uncertain terms, the Motion admits that **Fanuel has provided its attorneys with no facts to answer the Complaint (or FAC) and provided no direction as to how to proceed**. Doc. 48 at 2. Nonetheless, on October 2, 2025, Defense Counsel proceeded to file an Answer and Affirmative Defenses on behalf of Defendant. Doc. 30. Throughout Defense Counsel's Answer and Affirmative Defenses, it is stated that "[b]ased on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant, the allegations in Paragraph [#X] of the Complaint are denied." Doc. 30, *supra*. However, as the Motion states, The Kullman Firm was never provided with *any* facts to answer the Complaint, nor instructions on how to proceed in defense of the case. Doc. 48 at 2. To that end, all 32 affirmative defenses asserted in the Answer and Affirmative Defenses are (by the Defense Counsel's own admissions) frivolous defenses.

On December 16, 2025, the Court ordered Defendant to file a responsive pleading to the FAC within twenty-one (21) days, making Defendant's responsive pleading due on January 6, 2026. Doc. 37. Defendant failed to timely file a responsive pleading. According to Defense Counsel, Defendant (and its corporate representative) have ignored all attempted communications since sometime in 2025, as well as this Court's orders.

In the present Motion, Defense Counsel seeks to file *another* responsive pleading without client authorization, without a factual basis, and that is forty-nine (49) days late. Doc. 48.

### III.    ARGUMENT

**A.  The Motion Fails to Establish Good Cause to Set Aside the Default**

Fed. R. Civ. P. 55(c) states "[t]he court may set aside an entry of default for good cause." Here, the Motion fails to establish even the smallest indicia of good cause.

"When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness,

the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)

### 1. Faneuil Cannot Establish a Meritorious Defense

First, Courts in the Fourth Circuit have consistently held that a defendant must establish a meritorious defense to the substance of the plaintiffs case to set aside a default. In this case, Faneuil's ship sank before it left the dock. The Motion openly admits that Defense Counsel has been provided with no facts or direction as to how to respond to the FAC. Thus, the first factor weighs heavily against Faneuil, and the Motion must be denied.

### 2. Faneuil Has *Not* Acted with Reasonable Promptness

***For over a year***, Faneuil has ignored this Court's orders and its own attorneys' pleas to participate in this litigation (as it is required to do by law). Additionally, its proposed responsive pleading, which still cannot and should not be filed by Defense Counsel (unless Faneuil has recently surfaced), is 49 days overdue. This factor also weighs heavily against Faneuil.

### 3. Personal Responsibility of the Defaulting Party

Faneuil is entirely responsible for the current situation and default. This factor unquestionably weighs against Faneuil's request to set aside the default.

### 4. Prejudice to the Party

In considering whether a party was prejudiced by a default, one of the considerations used by courts is "whether the delay was used by the defaulting party to commit a fraud." *Red Light Mgmt., Inc. v. Dalton*, 315 F.R.D. 65, 73 (W.D. Va. 2016).

In this case, Faneuil delayed filing its answer for more than *five* (5) months by misleading Plaintiffs that it intended to mediate the case. During this time, it quietly packed up its business

and skipped town. Today, a year and a half has elapsed since Plaintiff filed the lawsuit. During this time, Plaintiff and the putative class/collective members have been prejudiced by Faneuil's delay and eventual default. With each day that passes, memories fade and evidence is lost.

This factor also weighs against setting aside the default.

### 5. Faneuil Has a History of Dilatory Actions

This factor likewise weighs strongly against setting aside the default and requires very little discussion. Faneuil has gone beyond dilatory litigation tactics – it has abandoned this lawsuit.

### 6. Availability of Sanctions Less Drastic

In the present situation, there is no lesser sanction available. Default is the appropriate remedy. Defense Counsel may not continue to litigate this lawsuit on behalf of an absent party and with no factual information or direction from its client. The Court properly defaulted Faneuil and the default should not be set aside.

### B. Rule 11 Does Not Permit Defendant to File an Answer to the FAC

In addition to the fact that setting aside the default is not proper, it is undisputed that Faneuil has not conferred with Defense Counsel regarding the FAC or how to respond to it. If as Defense Counsel argues, it has been provided with no facts or direction on how to respond to the FAC, then Rule 11(b) prohibits Defense Counsel from filing a responsive pleading.

### C. The Filing of the Motion Warrants Imposition of Sanctions

Plainly put, the Motion filed by Defense Counsel is frivolous, vexatious, and warrants the imposition of sanctions under Rule 11 and 28 U.S.C. § 1927.

First, 28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Second, Fed. R. Civ. P. 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Here, according to the admissions in the Motion, the filing of the Answer and Affirmative Defenses (Doc. 30) in the first instance violated both 28 U.S.C. § 1927 and Rule 11. However, Defense Counsel's continued efforts to vexatiously litigate this case without any facts or direction from a client cannot be tolerated any longer. By continuing to raise defenses and arguments that have no merit, Plaintiff has unnecessarily incurred (and continues to incur) substantial attorney fees. This conduct is also a waste of judicial resources. Pursuant to Fed. R. Civ. P. 11(c)(3) the Court may impose sanctions on its own under Rule 11 without a separate motion, which it should do here.[1]

"Federal Rule of Civil Procedure Rule 11(b) prohibits attorneys from filing motions or other papers with the court if they are made for improper purposes or unsupported by law or fact." *Williams v. The Ests. LLC*, 663 F. Supp. 3d 466, 473 (M.D.N.C. 2023).

Additionally, the Fourth Circuit has held that sanctions under 28 U.S.C. § 1927 are appropriate when an attorney is aware that a claim or defense lacks merit, and that attorney nonetheless refuses to voluntarily dismiss the claim or defense. *Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 222, 226 (4th Cir. 2008) (upholding sanction award and holding that "[b]y refusing to

---

[1] Plaintiffs' Counsel will submit the time spent in preparing this Opposition in separate motion filing within seven (7) days of the Court denying the present Motion.

voluntarily dismiss the case once its lack of merit became evident, [the attorney] protracted the litigation.").

In *Salvin*, the Court held that the attorney's "proper course of action was clear: rather than protract the litigation, he should have voluntarily dismissed the case when [opposing counsel] requested that he do so." *Salvin*, 281 F. App'x 222, 227 (4th Cir. 2008). The same is true here.

Upon further order from the Court denying this Motion, Plaintiffs' Counsel will submit to the Court the itemized legal expenses incurred in connection with preparing this Opposition.

## IV. CONCLUSION

For all the reasons set forth herein, Plaintiff respectfully requests that Court deny the Motion filed by absent Faneuil's attorneys to set aside the default.

Respectfully submitted, this 3rd day of March 2026.

**THE ERLICH LAW OFFICE**
*s/ Joshua Erlich*
Joshua Erlich, Esquire
(VA Bar No. 90394)
1550 Wilson Blvd #700
Arlington, Virginia
Phone: (703) 791-9087
jerlich@erlichlawoffice.com

**ASH LAW, PLLC**
Charles R. Ash, IV (P73877) (*Admitted*)
43000 W 9 Mile Rd, Ste. 301 PMB 2113
Novi, MI 48375
Phone: (734) 234-5583
Email: cash@nationalwagelaw.com

**RODRIGUEZ LAW PLC**
Oscar Rodriguez (P73413) (*Admitted*)
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 355-5666
Email:oscar@orodlaw.com