**JONATHAN EMERSON**,                   Case 4:24-cv-137-RBS-LRL
individually, and on behalf of others
similarly situated,

        Plaintiffs,

vs.

**FANEUIL, INC., SKYVIEW CAPITAL
GROUP MANAGEMENT, LLC, SKYVIEW
CAPITAL, LLC, and CONTINUUM GLOBAL
SOLUTIONS, LLC**

        Defendants

### <u>FANEUIL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO SET ASIDE DEFAULT AS TO FANEUIL, INC. AND FOR LEAVE TO FILE ANSWER TO FIRST AMENDED COMPLAINT</u>

Faneuil, Inc. ("Faneuil" or "Defendant"), through undersigned counsel, respectfully files this reply in support of its motion requesting the Court to set aside the default entered against it and additionally requesting leave to file its Answer to Plaintiffs' First Amended Complaint.

From Plaintiff's filings, it is not quite clear what they want or expect from undersigned counsel. When undersigned counsel first approached Plaintiff's counsel about withdrawing from this case in 2025, Plaintiff's counsel stated they would not oppose it. They then reversed course and filed a (late) opposition to The Kullman Firm's motion to withdraw, stating that The Kullman Firm should stay enrolled. Plaintiff argued that there were "far better solutions" than to allow The Kullman Firm to withdraw and that The Kullman Firm should be required to stay enrolled to "serve copies of all filed papers on Defendant" and "not be permitted to withdraw until new counsel for

Defendant appears." ECF 33 at 3. Plaintiff further requested to "amend" the complaint to add Continuum and Skyview to the case. *Id.* at 6.

The Court denied The Kullman Firm's Motion to Withdraw, without prejudice. ECF 39. On December 17, 2025, the Court ruled that:

> The court will hold a status hearing in early 2026 to address developments in this case, at which time the Kullman Firm may renew its attempts to withdraw from representation of Defendant Faneuil. Alternatively, if new counsel for Faneuil files a notice of appearance before the status hearing is held, the Kullman Firm may renew its attempt to withdraw at such time.

*Id.* at 3. The Court has not yet set that status conference – instead, before the Court had a chance to, Plaintiff defaulted all the defendants.

As such, Plaintiff's position seems contrary to the Court's plan and its own previous pleadings – where he requested to keep The Kullman Firm in this case until new counsel can enroll, but at the same time Plaintiff argues that since Defendant has not communicated with The Kullman Firm since June 2025, The Kullman Firm cannot do anything in this case anyways or file responsive pleadings. In that light, Plaintiff appears to have taken the position that the Court set a deadline on itself to reevaluate The Kullman Firm's Motion to Withdraw by granting Plaintiff leave to file the First Amended Complaint and arguing that The Kullman Firm could not file adequate responsive pleadings as it has no instruction from its client.

All of this seems unecessary to the extent that The Kullman Firm reiterates its request to the Court to allow it to withdraw, which will allow the parties to litigate this matter in whichever way they please. The Kullman Firm does not believe that a hearing is necessary for the Court to allow it to withdraw as the defendants apparently have no interest in participating in this lawsuit or retaining new counsel.

The Kullman Firm will further respond to Plaintiff's opposition to the extent it alleges The Kullman Firm did anything improper and to update the Court on the status of its conflict-of-interest with Defendant.

**I.      The Kullman Firm Did Not Violate Rule 11 and Sanctions or Any Fee Award are Inappropriate**

The Kullman Firm did not, in any way, violate Rule 11.  In its proposed answer to Plaintiff's First Amended Complaint, The Kullman Firm included the following statement before the paragraph-by-paragraph answer:

> Since [Plaintiff filed the First Amended Complaint], and since June 2025, Defendant has not responded to The Kullman Firm regarding this case, or provided it with any information that would enable The Kullman Firm to provide Defendant's answer.  Faneuil has provided undersigned counsel with no direction how to proceed in this litigation, or otherwise.
>
> However, in an abundance of caution, The Kullman Firm files this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("FAC"), on behalf of its absent client.

ECF 47-1 at 2. Further, prior to the affirmative defenses, The Kullman Firm included this statement:

> The Kullman Firm submits these affirmative defenses on behalf of Defendant based on The Kullman Firm's current understanding of the facts that has not been confirmed by Defendant.

*Id.* at 27.  At no point, has The Kullman Firm tried to hide the ball from the Court.  *See* ECF 30 at 1, 27 (The Kullman Firm included similar statements in its Answer to the original Complaint.).  Further, these are the same affirmative defenses pled in the Answer to Plaintiffs' original Complaint, except for grammatically adjusting the defenses to account for a single plaintiff suit instead of a multi-plaintiff suit.  *Compare* ECF 30 and ECF 47-1.  Finally, The Kullman Firm sent this identical set of affirmative defenses to its client for review in January 2025, and which its (then-present) client never provided revisions for.

Finally, the affirmative defenses are almost entirely focused on Plaintiff's complaint and the defenses against certification of a class action under Rule 23 or a collective action under the FLSA, which are based on the Plaintiff's allegations and the procedural posture under which they are brought.

## II. The Kullman Firm Has a Conflict-of-Interest with Defendant and Should be Permitted to Withdraw.

Finally, the conflict of interest that The Kullman Firm raised in its Supplemental Submission in Support of its Motion to Withdraw (ECF 22 at 6), is no longer speculative. In December 2025, The Kullman Firm filed suit against Continuum Global Solutions, LLC, Fidelis Cybersecurity, Inc., Skyview Capital Group Management, LLC, Skyview Capital, LLC, Alex Soltani, and James Hall for unpaid legal fees and expenses for many cases, **including fees for The Kullman Firm's work for Defendant in this action**. There is no question whether The Kullman Firm currently has a conflict of interest with Defendant, and requests, again, for the Court to allow it to withdraw.

Respectfully submitted,

*/s/ Alexander C. Landin*
Alexander C. Landin (Bar No. 99200)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: acl@kullmanlaw.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which sent notification of such filing to all counsel of record.


/s/ Alexander C. Landin
Alexander C. Landin